**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| EVELYN S. MERRITT, and | ) | |
| SHARON L. MERRITT MCMILLEN, | ) | |
| *Individually and as Trustee of the Merritt* | ) | |
| *Living Trust*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.: _____** |
| | ) | |
| NEXTON MINING, INC. | ) | **TRIAL BY JURY DEMANDED** |
| SUNFLOWER FARM & RANCH, INC. | ) | |
| STEVEN L. PETERS, | ) | |
| KIMBERLY K. PETERS, and | ) | |
| ROSS A. WENGER, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, CIVIL
PENALTIES, AND ATTORNEYS' FEES AND EXPENSES OF LITIGATION**

Pursuant to § 505(a) of the Clean Water Act ("CWA"), Plaintiffs Evelyn S. Merritt and

Sharon L. Merritt McMillen, *Individually and as Trustee of the Merritt Living Trust*, bring this

action against Nexton Mining, Inc., Sunflower Farm & Ranch, Inc., Steven L. Peters, Kimberly K.

Peters, and Ross A. Wenger for violating §§ 301 and 404 of the CWA by discharging tens of

thousands of cubic yards of dredged and/or fill material consisting of dirt, rock, sand, and other

pollutants into several acres of wetlands and tributaries of Williamson Swamp Creek on property

owned by Defendant Steven L. Peters without a permit during intensive clearing, grubbing, and

mass grading of the property by Defendants with heavy construction equipment to convert it from

forest-pasture to irrigation pivots.  Plaintiffs seek to compel Defendants to remove this illegally

discharged material from these wetlands and tributaries and to restore their physical, biological,

and ecological integrity to protect the environment and Plaintiffs' downstream Property.

1

## JURISDICTION AND VENUE

1.      This Honorable Court has subject matter jurisdiction over this action pursuant to § 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1) (citizen suits), and 28 U.S.C. §§ 1331 (federal questions), 1355 (civil penalty) & 2201 (declaratory judgment).

2.      Venue lies in this judicial district under § 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1) and 28 U.S.C. § 1391, because the discharges of dredged and/or fill material occurred in Jefferson County, Georgia, in the Southern District of Georgia, Augusta Division.

3.      On January 20, 2017, in compliance with § 505(b) of the CWA, 33 U.S.C. § 1365(b), Plaintiffs mailed Defendants, the Director of the Georgia Environmental Protection Division ("EPD"), and the Administrator and Regional Administrator of the U.S. Environmental Protection Agency ("EPA") a Notice of Intent to Sue Letter.

4.      Attached and incorporated in their entirety by reference as Exhibit A are copies of the Notice Letter and return postage receipts signed by all Defendants.

5.      This Notice Letter notified Defendants of the violations alleged herein and Plaintiffs' intent to file suit after sixty (60) days should the violations continue.

6.      Plaintiffs have received no response to the Notice Letter from Defendants but the requisite sixty (60) days before filing this suit have elapsed.

7.      Defendants have refused and failed to cease the violations of the CWA alleged in the Notice Letter.

8.      Neither EPD nor EPA are prosecuting a pending civil or criminal action to redress the alleged violations.

## PARTIES AND PROPERTY

9.      For more than seventy (70) years, Plaintiff Evelyn S. Merritt and/or her family have owned and/or controlled an approximately 477-acre parcel of property at 6673 Friendship Church Road, Bartow, Jefferson County, Georgia 30413 ("Merritt Property").

10.     Plaintiff Evelyn S. Merritt is a 92-year old widow who was born down the street from the Merritt Property in Davisboro, Georgia, and grew up near the Merritt Property on Highway 24 in Jefferson County, Georgia.

11.     The Merritt Property has a house, an approximately 2-acre pond, an approximately 8-acre pond, hardwood forests, and wetlands, tributaries, and a portion of Williamson Swamp Creek.

12.     Williamson Swamp Creek is a major, approximately 50-mile long, tributary of the Ogeechee River that forms the southern border of the Merritt Property and flows approximately 10 miles southeast from the Merritt Property to Wadley, Georgia where it empties into the Ogeechee River.

13.     For more than fifty (50) years, the Merritt Property has contained the approximately 8-acre pond ("large pond").

14.     For more than thirty (30) years, the Merritt Property also has contained the approximately 2-acre pond in front of Mrs. Merritt's home ("small pond").

15.     Plaintiffs Evelyn S. Merritt and Sharon L. Merritt McMillen, their family members, and local citizens have used the Merritt Property and the ponds on the Merritt Property for generations for livestock watering, recreation, and aesthetic enjoyment, including fishing, swimming, boating, camping, hunting, prayer and meditation, and family gatherings and reunions.

16.     Mrs. Merritt purchased the Merritt Property from her father, a farmer in Jefferson County, Georgia, in 1971, and she has resided on the Merritt Property for approximately thirty-five (35) years since the 1980s.

17.     In 2013, Mrs. Merritt conveyed the Merritt Property to the Merritt Living Trust, and she retains control over and the rights to reside on and use and enjoy the Merritt Property during her lifetime.

18.     Plaintiff Sharon L. Merritt McMillen is one of three daughters of Mrs. Merritt and is Trustee of the Merritt Living Trust.

19.     Defendants Steven L. Peters and Kimberly K. Peters own and reside at 873 River Bluff Road, North Augusta, South Carolina 29841.

20.     Defendant Nexton Mining, Inc. is a foreign for-profit corporation incorporated in Delaware and engaged in the business of earthmoving with its principal office located at 873 River Bluff Road, North Augusta, South Carolina 29841 and its Registered Agent, Defendant Steven L. Peters, located at the same address.

21.     Defendant Steven L. Peters is the sole corporate officer and owner of Defendant Nexton Mining, Inc. and its operations.

22.     Defendant Sunflower Farm & Ranch, Inc. is a foreign for-profit corporation incorporated in Kansas and engaged in the business of farming with its principal office located at 873 River Bluff Road, North Augusta, South Carolina 29841 and its Registered Agent J. Carleton Vaughn, Jr. located at 405 Telfair Street, Augusta, Georgia 30901.

23.     Defendant Steven L. Peters' wife Kimberly K. Peters is the sole corporate officer and sole owner of Defendant Sunflower Farm & Ranch, Inc. and its operations.

4

24.     Defendant Ross A. Wenger resides at 13131 Middle Ground Road, Louisville, Jefferson County, Georgia 30434.

25.     In 2013, Defendants Sunflower Farm & Ranch, Inc. and Steven L. Peters acquired thousands of acres throughout Jefferson County, Georgia, including approximately 650 acres contiguous and/or adjacent to the Merritt Property to convert from forest-pasture to irrigated row crops ("Sunflower/Peters Property").

26.     Approximately 250 acres of the Sunflower/Peters Property is within the watershed of, and drains to the ponds on, the Merritt Property.

27.     Of the approximately 650 acres of the Sunflower/Peters Property, Steven L. Peters acquired *inter alia* Parcel No. 0025021 (65 acres, more or less) and Parcel No. 0025015 (169.33 acres, more or less) ("Peters Property") which are contiguous and directly across Friendship Church Road from Merritt Property.

28.     Most of the Peters Property is and/or was Highly Erodible Land as determined by the U.S. Natural Resources Conservation Service.

29.     Under the wetland conservation provisions of the Food Security Act, Highly Erodible Land is land that, "if used to produce an agricultural commodity, would have an excessive average annual rate of erosion."  16 U.S.C. § 3801(a)(11)(A)(ii).

30.     Nearly all the approximately 235 acres of the Peters Property is within the watershed of, and drains to the ponds on, the Merritt property.

31.     Both the large pond and small pond on the Merritt Property are fed by wetlands on the Peters Property and two unnamed tributaries of Williamson Swamp Creek with headwaters on the Peters Property.

32.     The waters of these wetlands and unnamed tributaries of Williamson Swamp Creek flow through the Peters Property, through two culverts under Friendship Church Road (one for each tributary), into the ponds on the Merritt Property, and into Williamson Swamp Creek on the Merritt Property.

## STATUTORY AND REGULATORY FRAMEWORK

**I.      The CWA's Prohibition on Discharges of Dredged or Fill Material without a Permit.**

33.     The objective of the CWA is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).

34.     The objective of the CWA is also to ensure that all the Nation's waters are fishable and swimmable.  33 U.S.C. § 1251(a)(2).

35.     To achieve these objectives, § 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of pollutants" by any "person" into "waters of the United States."

36.     "Pollutants" means "dredged spoil, solid waste . . . biological materials . . . rock, sand, cellar dirt and . . . agricultural waste discharged into water."  33 U.S.C. § 1362(6).

37.     Section 404 of the CWA, 33 U.S.C. § 1344, prohibits the "discharge of dredged or fill material" into waters of the United States without a permit issued by the U.S. Army Corps of Engineers or in violation of such permit.

38.     To be exempt from this permit requirement, a person's activities must satisfy the requirements of Section 404(f)(1) of the CWA and avoid the "recapture" provision of Section 404(f)(2) of the CWA.

39.     Section 404(f)(1)(A) of the CWA, 33 U.S.C. § 1344(f)(1)(A), creates a narrow exemption to the permit requirement for "the discharge of dredged or fill material from normal

farming, silviculture, and ranching activities such as plowing, seeding, cultivating [and] minor drainage." 33 U.S.C. § 1344(f)(1)(A).

40.     To qualify as "normal farming," the activities "must be part of an established (i.e., ongoing) farming, silviculture, or ranching operation and must be in accordance with definitions in § 323.4(a)(1)(iii)."  33 C.F.R. § 323.4(a)(1)(ii).

41.     "Activities which bring an area into farming, silviculture, or ranching use are not part of an established operation." 33 C.F.R. § 323.4(a)(1)(ii).

42.     "An operation ceases to be established when the area on which it was conducted has been converted to another use or has lain idle so long that modifications to the hydrological regime are necessary to resume operations." 33 C.F.R. § 323.4(a)(1)(ii).

43.     The term "plowing" "does not include the redistribution of soil, rock, sand, or other surficial materials in a manner which changes any area of the waters of the United States to dry land." 33 C.F.R. § 323.4(a)(1)(iii)(D).

44.     For example, "the redistribution of surface materials by blading, grading, or other means to fill in wetlands areas is not plowing." 33 C.F.R. § 323.4(a)(1)(iii)(D).

45.     The term "minor drainage" "does not include drainage associated with the immediate or gradual conversion of a wetland to a non-wetland . . . or conversion from one wetland use to another (for example, silviculture to farming)." 33 C.F.R. § 323.4(a)(1)(iii)(C)(2).

46.     In addition, "minor drainage does not include the construction of any canal, ditch, dike or other waterway or structure which drains or otherwise significantly modifies . . . any other wetland . . . constituting waters of the United States.  Any discharge of dredged or fill material into the waters of the United States incidental to the construction of any such structure or waterway requires a permit." 33 C.F.R. § 323.4(a)(1)(iii)(C)(2).

47.     Where Section 404(f)(1) of the CWA exempts a discharge from the permit requirement, the discharge is "recaptured" by the permit requirement under Section 404(f)(2) of the CWA, 33 U.S.C. § 1344(f)(2):

> any discharge of dredged or fill material into the navigable waters incidental to any activity having as its purpose bringing an area of the navigable waters into a use to which it was not previously subject, where the flow or circulation of navigable waters may be impaired or the reach of such waters be reduced, shall be required to have a permit under this section.

33 U.S.C. § 1344(f)(2).

48.     Under the "recapture" provision, "a permit will be required for . . . the conversion of a wetland from silvicultural to agricultural use when there is a discharge of dredged or fill material into waters of the United States in conjunction with construction of dikes, drainage ditches or other works or structures used to effect such conversion." 33 C.F.R. § 323.4(c).

## II.     Citizen Enforcement of the CWA and Civil Penalties.

49.     Section 505(a) of the CWA, 33 U.S.C. § 1365(a), authorizes "any citizen" to commence a civil action for appropriate relief, including declaratory and injunctive relief and civil penalties, whenever any person is in violation of "an effluent standard or limitation" under the CWA including Sections 301 and 404, 33 U.S.C. §§ 1311, 1344.

50.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates § 301 of the CWA, 33 U.S.C. § 1311, shall be subject to a civil penalty of up to $52,414 per day for each violation. *See* 40 C.F.R. § 19.4.

51.     Each day that illegally discharged dredged and/or fill material remains in wetlands without a permit constitutes an additional day of violation of the CWA.

## FACTUAL BACKGROUND

52.     The wetlands and tributaries on the Peters Property and Merritt Property are of great ecological significance.

53.     The Georgia Department of Natural Resources has identified Williamson Swamp Creek and the adjacent hardwood dominated swamp forests and wetlands including those on the Peters Property and Merritt Property as a "High Priority Habitat" to conserve.

54.     A portion of Williamson Swamp Creek near the Merritt Property is home to the last observed population of the endangered Atlantic Pigtoe mussel in Georgia and home to several other endangered and/or threatened species, including the American pillwort, grit beardtongue, and sweet pitcherplant.

55.     Currently, however, the Ogeechee River basin which includes Williamson Swamp Creek is experiencing substantial development, land conversion, and timber removal.

56.     Within this basin, excess sedimentation due to poor agricultural practices, development, and inadequate riparian buffer zones covers suitable habitat and can suffocate endangered and threatened species through eutrophication and degradation of water quality.

57.     Indeed, portions of Williamson Swamp Creek have been placed on EPD's list of "impaired streams" under Section 303(d) of the CWA for not supporting their designated uses of fishing because of low dissolved oxygen levels caused by excess sedimentation and excess fecal coliform bacteria.

58.     For at least decades before Defendant Steven L. Peters acquired the Peters Property, the Peters Property had two unnamed tributaries of Williamson Swamp Creek and several acres of wetlands directly adjacent to these tributaries all of which drained to the Merritt Property.

59.     Specifically, the southeastern boundary of the Peters Property is one unnamed tributary of Williamson Swamp Creek with headwaters on Parcel No. 0025015 that flows south along the eastern boundary of Parcel No. 0025021 and empties into the large pond on the Merritt Property via a large culvert under Friendship Church Road.

60.     Directly adjacent to this tributary are several acres of wetlands including several acres of wetlands along the southeastern boundary of Parcel No. 0025015 and eastern boundary of Parcel No. 0025021.

61.     In addition, for at least decades before Defendant Steven L. Peters acquired the Peters Property, the southwestern portion of Parcel No. 0025021 had a second unnamed tributary of Williamson Swamp Creek that was dammed up by a farm pond which emptied into a wetland on the Peters Property adjacent to Friendship Church Road, through a smaller culvert under Friendship Church Road, into the small pond on the Merritt Property, into the large pond on the Merritt Property, and then into Williamson Swamp Creek.

62.     This second unnamed tributary of Williamson Swamp Creek and wetland adjacent to Friendship Church Road is the only source of water for the small pond on the Merritt Property.

63.     For at least decades before Defendant Steven L. Peters acquired the Peters Property in July 2013, the remaining portions of the Peters Property that drain to the Merritt Property were hardwoods, planted pine trees, and/or pasture.

64.     Since the Merritt Family acquired the Merritt Property generations ago until Defendant Steven L. Peters acquired the Peters Property, the areas on the Peters Property containing the wetlands and tributaries of Williamson Swamp Creek were never used for farming, silviculture, and/or ranching activities by any persons.

65.     From late 2013 through 2015, Defendants intensively cleared, grubbed, removed stumps and vegetation from, and mass graded hundreds of acres of Highly Erodible Land on the Sunflower/Peters Property including nearly all the approximately 235 acres of the Peters Property (Parcel No. 0025021 and Parcel No. 0025015) to install several irrigation pivots and convert the Peters Property from forest-pasture to irrigated row crops, which dramatically modified the hydrological regime of the Peters Property and wetlands and tributaries on the Peters Property.

66.     Defendants used heavy construction equipment to clear, grub, remove stumps and vegetation from, and mass grade the Peters Property, including several track hoes, excavators, bulldozers, and multiple Quadtrac tractors each dragging multiple scrapers/graders.

67.     Much of this heavy construction equipment was owned and/or operated by Defendant Nexton Mining, Inc. and some of it was also owned and/or operated by Defendant Sunflower Farm & Ranch, Inc.

68.     Defendant Steven L. Peters controlled, directed, supervised, operated, and/or participated in the operation to clear, grub, remove stumps and vegetation from, and mass grade the Peters Property.

69.     Defendant Ross A. Wenger as "Manager" also controlled, directed, supervised, operated, and/or participated in on a day-to-day basis the operation to clear, grub, remove stumps and vegetation from, and mass grade the Peters Property.

70.     Defendant Ross A. Wenger also operated the equipment used to clear, grub, remove stumps and vegetation from, and mass grade the Peters Property.

71.     Employees of Defendant Nexton Mining, Inc. and/or Defendant Sunflower Farm & Ranch, Inc., at the control, direction, and/or supervision of Defendants Steven L. Peters and

Ross A. Wenger, cleared, grubbed, removed stumps and vegetation from, and mass graded the Peters Property.

72.     Defendant Nexton Mining, Inc. paid persons including Defendant Ross A. Wenger for the clearing, grubbing, removal of stumps and vegetation from, and mass grading of the Peters Property.

73.     Defendant Steven L. Peters directed and/or authorized payment of the funds from Nexton Mining, Inc. for the clearing, grubbing, removal of stumps and vegetation from, and mass grading of the Peters Property.

74.     During Defendants' clearing, grubbing, removal of stumps and vegetation from, and mass grading of the Peters Property from late 2013 through 2015, Defendants discharged tens of thousands of cubic yards (enough to fill thousands of dump trucks) of dredged and/or fill material, consisting of dirt, rock, sand, and other pollutants, into several acres of wetlands on the Peters Property including several acres of wetlands along the southeastern boundary of Parcel No. 0025015 and the eastern boundary of Parcel No. 0025021 and the wetland adjacent to Friendship Church Road on Parcel No. 0025021 that drains to the small pond on the Merritt Property without obtaining any permit from the U.S. Army Corps of Engineers.

75.     Defendant Kimberly K. Peters as the sole officer and owner of Defendant Sunflower Farm & Ranch, Inc. is the responsible corporate officer for Defendant Sunflower Farm & Ranch, Inc. with authority to exercise control over the corporation's operation to clear, grub, remove stumps and vegetation from, and mass grade the Peters Property that caused these discharges of dredge and/or fill material.

76.     Defendant Kimberly K. Peters participated in the operation of Defendant Sunflower Farm & Ranch, Inc. to clear, grub, remove vegetation from, and mass grade the Peters Property

and/or allowed it to occur by among other actions authorizing and/or writing checks necessary for the operation.

77.     Defendant Kimberly K. Peters' actions and omissions with respect to the operations of Defendant Sunflower Farm & Ranch, Inc. on the Peters Property caused these discharges of dredged and/or fill material and/or allowed them to occur.

78.     At no point during Defendants' clearing, grubbing, removal of stumps and vegetation from, and mass grading of the Peters Property did any Defendant obtain any permit from the U.S. Army Corps of Engineers for discharges of dredged and/or fill material on the Peters Property.

79.     On November 18, 2013, after Defendants had already cleared, grubbed, removed stumps and vegetation from, and/or graded large portions of the Peters Property including several acres of wetlands, thereby discharging dredged and/or fill material into and otherwise destroying several acres of wetlands, the U.S. Natural Resources Conservation Service sent Defendant Steven L. Peters a "Preliminary Wetland Determination" that identified several acres of wetlands along the southeastern boundary of Parcel No. 0025015.

80.     On July 28, 2014, after Defendants had already cleared, grubbed, removed stumps and vegetation from, and/or graded large portions of the Peters Property including several acres of wetlands, thereby discharging dredged and/or fill material into and otherwise destroying several acres of wetlands, the NRCS sent Steven L. Peters a "Preliminary Wetland Determination" that identified several acres of wetlands along the eastern boundary of Parcel No. 0025021 and the wetland adjacent to Friendship Church Road on Parcel No. 0025021 that drains to the small pond on the Merritt Property.

81.     These Preliminary Wetland Determinations by NRCS state that:

This delineation/determination has been conducted for the purpose of implementing the wetland conservation provisions of the Food Security Act of 1985.  This determination/delineation may not be valid for identifying the extent of the U.S. Army Corps of Engineers Clean Water Act jurisdiction of this site.  If you intend to conduct any activity that constitutes a discharge of dredge or fill material into wetland or other waters, you should request a jurisdictional determination from the Savannah office of the USACE . . . prior to starting work.  It is your responsibility to ensure your activity meets the regulatory requirements of other agencies.  **The NRCS wetland determination is not a permit to manipulate wetlands and does not imply any endorsement of the activity by NRCS.**

Letter from J. Lathem, NRCS to Def. S. Peters (Nov. 18, 2013) **(emphasis in original).**

82.     Defendants did not request a determination from the U.S. Army Corps of Engineers or any environmental consultant of wetlands subject to Clean Water Act jurisdiction on the Peters Property before acquiring the Peters Property and/or before clearing, grubbing, removing stumps and vegetation from, and mass grading the Peters Property.

83.     Even after receiving these Preliminary Wetland Determinations, Defendants continued discharging tens of thousands of cubic yards of dredged and/or fill material into several acres of wetlands including wetlands mapped by NRCS and wetlands not mapped by NRCS along the southeastern boundary of Parcel No. 0025015 and the eastern boundary of Parcel No. 0025021 and the wetland adjacent to Friendship Church Road on Parcel No. 0025021 that drains to the small pond on the Merritt Property.

84.     Additionally, from 2014 through 2015, Defendants constructed an enormous fifteen to thirty (15 to 30) foot tall berm and/or embankment of dredged and/or fill material consisting of tens of thousands of cubic yards of dirt, rock, sand, and other pollutants on top of and adjacent to several acres of wetlands on the Peters Property including on top of and adjacent to several acres of wetlands along the southeastern boundary of Parcel No. 0025015 and the eastern boundary of

Parcel No. 0025021 and the wetland adjacent to Friendship Church Road on Parcel No. 0025021 that drains to the small pond on the Merritt Property.

85.     Defendants constructed this enormous berm and/or embankment on top of and adjacent to these wetlands to squeeze an additional half-circle irrigation pivot on the Peters Property directly across Friendship Church Road from the Merritt Property which is approximately one-half mile long.

86.     During summer of 2015, Defendants, without any plans or engineering, constructed a large dike and/or dam consisting of thousands of cubic yards of dredge and/or fill material on top of and adjacent to wetlands on the southeastern corner of Parcel No. 0025021 on the Peters Property, which drained and/or otherwise significantly modified these wetlands.

87.     Defendant Kimberly K. Peters participated in construction of this large dike and/or dam and allowed it to occur by among other actions authorizing and/or writing checks necessary for the construction.

88.     Construction of the enormous berm and/or embankments and/or large dike and/or dam by Defendants contributed to damage to the Merritt Property from runoff of excess stormwater and sediment from the Peters Property onto the Merritt Property caused by Defendants' intensive clearing, grubbing, removal of stumps and vegetation, and mass grading of the Peters Property.

89.     Defendants' discharges of tens of thousands of cubic yards of dredged and/or fill material into several acres of wetlands on the Peters Property have harmed the aesthetic, recreational, property and economic interests of Plaintiffs.

90.     Specifically, at least thousands of cubic yards of dredged and/or fill material discharged by Defendants into wetlands on the Peters Property have flowed downstream and

deposited onto and/or into the ponds on the adjacent Merritt Property, the tributary of Williamson Swamp Creek on the Merritt Property, and Williamson Swamp Creek.

91.     Additionally, from 2014 through early 2016, Defendants took no actions to stabilize the enormous berm and/or embankment and large dike and/or dam that they constructed on top of and adjacent to wetlands on the Peters Property which caused these structures to erode and thousands of cubic yards of dredged and/or fill material to flow downstream and deposit into the ponds on the adjacent Merritt Property, the tributary of Williamson Swamp Creek on the Merritt Property, and Williamson Swamp Creek.

92.     Much of the enormous berm and/or embankment and large dike and/or dam that Defendants constructed on top of and adjacent to wetlands on the Peters Property remain unstabilized and continue to erode.

93.     This deposition of thousands of cubic yards of dredge and/or fill material into the wetlands and unnamed tributaries of Williamson Swamp Creek on the Peters Property, the ponds on the adjacent Merritt Property, the tributary of Williamson Swamp Creek on the Merritt Property, and Williamson Swamp Creek have substantially polluted and degraded the quality of these waters.

94.     This deposition of thousands of cubic yards of dredge and/or fill material into the wetlands and unnamed tributaries of Williamson Swamp Creek on the Peters Property, the ponds on the adjacent Merritt Property, the tributary of Williamson Swamp Creek on the Merritt Property, and Williamson Swamp Creek have also substantially interfered with both Plaintiffs' and their family's use and enjoyment of the Merritt Property for fishing, swimming, boating, hunting, camping, prayer and meditation, and family gatherings and reunions.

95.     Defendants' discharges of tens of thousands of cubic yards of dredged and/or fill material into wetlands on the Peters Property and construction of the enormous berm and/or embankment and large dike and/or dam on top of and adjacent to wetlands on the Peters Property have contributed to multiple washouts of the driveway on the Merritt Property and damage to the drainage structures and earthen dam of the large pond on the Merritt Property.

96.     Defendants' discharges of dredged and/or fill material into the unnamed tributary of Williamson Swamp Creek and wetland adjacent to Friendship Church Road on Parcel No. 0025021 that drain to the small pond on the Merritt Property have substantially decreased the flow of water to the small pond to the extent that it will likely completely dry up and/or be unable to support fish in the future.

97.     Defendants Steven L. Peters and/or Kimberly K. Peters have commingled on an interchangeable or joint basis or confused the otherwise separate properties, records, and/or control of Defendants Nexton Mining, Inc., Sunflower Farm & Ranch, Inc, Steven L. Peters and/or Kimberly K. Peters.

98.     Defendant Kimberly K. Peters failed to adequately capitalize Defendant Sunflower Farm & Ranch, Inc. to pay persons for its operations on the Peters Property.

99.     Defendants Steven L. Peters and/or Kimberly K. Peters failed to observe corporate formalities by *inter alia* failing to maintain corporate minutes, by failing to file annual reports which resulted in administrative dissolution of Defendant Nexton Mining, Inc. on September 4, 2012 and forfeiture of Defendant Sunflower Farm & Ranch, Inc.'s Articles of Incorporation on May 15, 2015, and by failing to execute lease agreements between Defendants Nexton Mining, Inc. and Sunflower Farm & Ranch, Inc. for the use of equipment and/or persons on the Peters Property.

## FIRST CLAIM FOR RELIEF
**(Defendants Discharged and Continue to Discharge Tens of Thousands of Cubic Yards of Dredged and/or Fill Material into Waters of the United States without a Permit in Violation of the CWA)**

100.    Plaintiffs incorporate by reference all the preceding Paragraphs.

101.    The two unnamed tributaries of Williamson Swamp Creek on the Peters Property are waters of the United States.

102.    The wetlands directly adjacent to these tributaries on the Peters Property are also waters of the United States.

103.    Defendants' discharges of tens of thousands of cubic yards of dredged and/or fill material consisting of dirt, rock, sand, and other pollutants into several acres of these wetlands during Defendants' intensive clearing, grubbing, removal of stumps and vegetation from, and mass grading of these wetlands and the Peters Property to convert them from forest-pasture to irrigated row crops with heavy construction equipment without a permit issued by the U.S. Army Corps of Engineers violate §§ 301 and 404 of the CWA, 33 U.S.C. §§ 1311 & 1344.

104.    Each day that this dredged and/or fill material remained and remains in the wetlands without a permit is a violation of §§ 301 and 404 of the CWA, 33 U.S.C. §§ 1311 & 1344.

105.    As of the date of the filing of this Complaint, tens of thousands of cubic yards of dredge and/or fill material remain in several acres of wetlands on and/or near the Peters Property and have been there for years without a permit in violation of §§ 301 and 404 of the CWA, 33 U.S.C. §§ 1311 & 1344.

106.    Defendants' unpermitted discharges of dredged and/or fill material into waters of the United States identified in the Notice Letter are continuous and/or intermittent and/or reasonably likely to continue in the future.

107.    Defendants Nexton Mining, Inc. and/or Sunflower Farm & Ranch, Inc. are the mere alter egos and/or business conduits of Defendants Steven L. Peters and/or Kimberly K. Peters and thus Defendants Steven L. Peters and/or Kimberly K. Peters are derivatively liable for violations of the CWA by Defendants Nexton Mining, Inc. and/or Sunflower Farm & Ranch, Inc.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

A.    Grant Plaintiffs a trial by jury on all claims for relief;

B.    Enter a judgment in favor of Plaintiffs on all of Plaintiffs claims for relief;

C.    Declare that Defendants are personally and derivatively liable for the discharge of dredged and/or fill material into waters of the United States without a permit in violation of Sections 301 and 404 of the CWA and its implementing regulations;

D.    Impose federal civil penalties against Defendants pursuant to § 505(a) of the CWA, 33 U.S.C. § 1365(a), of up to $52,414 per day for each day that fill material remains in the wetlands without a CWA permit;

E.    Issue a temporary and/or permanent injunction, pursuant to § 505(a) of the CWA, 33 U.S.C. § 1365(a) ordering Defendants to immediately take all necessary steps to come into permanent, consistent compliance with the CWA;

F.    Issue a temporary and/or permanent injunction ordering Defendants to remove all dredged and/or fill from and restore the physical, biological, and ecological integrity of the wetlands adversely impacted by Defendants' violations of the CWA;

G.    Enter an order that the Court shall maintain jurisdiction over this action until Defendants come into permanent, consistent compliance with the CWA and comply with every order of this Court in this action, including any judicial consent decree approved by this Court;

H.     Award to Plaintiffs, pursuant to § 505(d) of the CWA, 33 U.S.C. § 1365(d), their costs in bringing this action, including reasonable attorneys' fees and expenses of litigation including expert witness fees; and

I.     Grant Plaintiffs such other relief as the Court deems just and equitable.


Respectfully submitted,


Dated: **April 6, 2017**                    **s/ Tyler J. Sniff**
                                            Donald D.J. Stack
                                            Georgia Bar No. 673735
                                            Tyler J. Sniff
                                            Georgia Bar No. 403125
                                            STACK & ASSOCIATES, P.C.
                                            260 Peachtree Street, Suite 1200
                                            Atlanta, Georgia 30303
                                            Telephone: (404) 525-9205
                                            Facsimile: (404) 522-0275
                                            E-mail: dstack@stack-envirolaw.com
                                            tsniff@stack-envirolaw.com

                                            *Counsel for Plaintiffs Evelyn S. Merritt and Sharon L. Merritt McMillen, Individually and as Trustee of the Merritt Living Trust*