IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EVELYN S. MERRITT, AND SHARON L. MERRITT MCMILLEN, INDIVIDUALLY AND AS TRUSTEE OF THE MERRITT LIVING TRUST | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 1:17-CV-00040-JRH-BKE |
| NEXTON MINING, INC. SUNFLOWER FARM & RANCH, INC. STEVEN L. PETERS, KIMBERLY K. PETERS, AND ROSS A. WENGER | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ANSWER OF SUNFLOWER FARM & RANCH, INC., STEVEN L. PETERS AND ROSS WENGER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, CIVIL PENALTIES, AND ATTORNEYS' FEES AND EXPENSES OF LITIGATION**

COME NOW Sunflower Farm & Ranch, Inc., Steven L. Peters and Ross Wenger (hereinafter "these Defendants" or "Defendants"), Defendants in the above-styled civil action and respond to Plaintiffs' Complaint.

**FIRST DEFENSE**

For a First Defense, these Defendants respond to the numbered Paragraphs of the Complaint as follows:

**JURISDICTION AND VENUE**

1.

Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.

Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.

Defendants admit that Plaintiffs sent Defendants correspondence on January 20, 2016. Defendants deny the remainder of the allegations contained in Paragraph 3 of the Complaint.

4.

Defendants admit that Plaintiffs sent Defendants correspondence on January 20, 2016. Defendants deny the remainder of the allegations contained in Paragraph 3 of the Complaint.

5.

Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.

Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

## **PARTIES AND PROPERTY**

9.

Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11.

Defendants admit that the Merritt Living Trust's property consists of a house, an approximately 2-acre pond, an approximately 8-acre pond, hardwood forests, planted pines, and agricultural land. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 11 of the Complaint.

12.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants admit that Mrs. Merritt currently resides on property owned by the Merritt Living Trust. Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants admit that the Merritt Living Trust owns the Merritt Property. Defendants deny the remainder of the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.

Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.

Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants admit that Mrs. Kimberly Peters is the sole corporate officer and sole shareholder of Sunflower Farm & Ranch, Inc. Defendants deny the remainder of the allegations contained in Paragraph 23 of the Complaint.

24.

Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants admit that some of the property owned by Sunflower Farm & Ranch, Inc. and Mr. Steve Peters may be in the same watershed of property owned by the Merritt Living Trust. Defendants deny the remainder of the allegations contained in Paragraph 26.

27.

Defendants admit that some of the property owned by Sunflower Farm & Ranch, Inc. and Mr. Steve Peters is across Friendship Church Road from property owned by the Merritt Living Trust. Defendants deny the remainder of the allegations contained in Paragraph 27.

28.

Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.

Defendants admit that the Food Security Act speaks for itself. To the extent Paragraph 29 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

30.

Defendants admit that some of the property owned by Sunflower Farm & Ranch, Inc. and Mr. Steve Peters may be in the same watershed of property owned by the Merritt Living Trust. Defendants deny the remainder of the allegations contained in Paragraph 30.

31.

Defendants admit that some of the property owned by Sunflower Farm & Ranch, Inc. and Mr. Steve Peters may be in the same watershed of property owned by the Merritt Living Trust. Defendants deny the remainder of the allegations contained in Paragraph 31.

32.

Defendants admit that some of the property owned by Sunflower Farm & Ranch, Inc. and Mr. Steve Peters may be in the same watershed of property owned by the Merritt Living Trust. Defendants deny the remainder of the allegations contained in Paragraph 32.

## STATUTORY AND REGULATORY FRAMEWORK

**I.     The CWA's Prohibition on Discharges of Dredged or Fill Material without a Permit**

33.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 33 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

34.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 34 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

35.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 35 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

36.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 36 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

37.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 37 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

38.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 38 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

39.

Defendants admit that the Clean Water Act contains an exemption for agricultural activities. Defendants further admit that the Clean Water Act speaks for itself. To the extent Paragraph 39 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

40.

Defendants admit that the Clean Water Act and its regulations contain an exemption for agricultural activities. Defendants further admit that the Clean Water Act and its regulations speak for itself. To the extent Paragraph 40 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

41.

Defendants admit that the Clean Water Act and its regulations contain an exemption for agricultural activities. Defendants further admit that the Clean Water Act and it regulations speak for itself. To the extent Paragraph 41 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

42.

Defendants admit that the Clean Water Act and its regulations contain an exemption for agricultural activities. Defendants further admit that the Clean Water Act and its regulations speak for itself. To the extent Paragraph 42 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

43.

Defendants admit that the Clean Water Act and its regulations contain an exemption for agricultural activities. Defendants further admit that the Clean Water Act and its regulations speak for itself. To the extent Paragraph 43 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

44.

Defendants admit that the Clean Water Act and its regulations contain an exemption for agricultural activities. Defendants further admit that the Clean Water Act and its regulations speak for itself. To the extent Paragraph 44 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

45.

Defendants admit that the Clean Water Act and its regulations contain an exemption for agricultural activities. Defendants further admit that the Clean Water Act and its regulations speak for itself. To the extent Paragraph 45 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

46.

Defendants admit that the Clean Water Act and its regulations contain an exemption for agricultural activities. Defendants further admit that the Clean Water Act and its regulations

speak for itself. To the extent Paragraph 46 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

47.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 47 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

48.

Defendants admit that the Clean Water Act and its regulations speak for itself. To the extent Paragraph 48 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

## II.   Citizen Enforcement of the CWA and Civil Penalties

49.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 49 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

50.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 50 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

51.

Defendants admit that the Clean Water Act speaks for itself. To the extent Paragraph 51 of Plaintiffs' Complaint misquotes, paraphrases, takes out of context and fails to provide the full quotation it is denied.

## FACTUAL BACKGROUND

52.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint.

53.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Complaint.

54.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint.

55.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint.

56.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Complaint.

57.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Complaint.

58.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint.

59.

Defendants admit that some of the property owned by Sunflower Farm & Ranch, Inc. and Mr. Steve Peters may be in the same watershed of property owned by the Merritt Living Trust. Defendants deny the remainder of the allegations contained in Paragraph 59.

60.

Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint.

61.

Defendants admit that a small farm pond used for agricultural purposes on property owned by Mr. Peters and/or Sunflower Farm & Ranch, Inc. was dammed for decades prior to the purchase of the property. Defendants deny the remainder of the allegations contained in Paragraph 61 of the Complaint.

62.

Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.

Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.

Defendants admit that equipment was used to make improvements to the existing agricultural land. Defendants deny the remainder of the allegations contained in Paragraph 66 of the Complaint.

67.

Defendants admit that Sunflower Farm & Ranch and Nexton Mining, Inc. owned some of the equipment used to make improvements to the existing agricultural land. Defendants deny the remainder of the allegations contained in Paragraph 67 of the Complaint.

68.

Defendants admit that Mr. Peters was involved in making the improvements to the existing agricultural land. Defendants deny the remainder of the allegations contained in Paragraph 68 of the Complaint.

69.

Defendants admit that Mr. Wenger was involved in making the improvements to the existing agricultural land. Defendants deny the remainder of the allegations contained in Paragraph 69 of the Complaint.

70.

Defendants admit that Mr. Wenger was involved in making the improvements to the existing agricultural land. Defendants deny the remainder of the allegations contained in Paragraph 70 of the Complaint.

71.

Defendants admit that Sunflower Farm & Ranch, Inc., Mr. Peters and Mr. Wenger made improvements to the existing agricultural land. Defendants deny the remainder of the allegations contained in Paragraph 71 of the Complaint.

72.

Defendants admit that Nexton Mining, Inc. handled payroll for Mr. Ross Wenger and the other workers involved in the improvements to the existing agricultural land. Defendants deny the remainder of the allegations contained in Paragraph 72 of the Complaint.

73.

Defendants admit that Nexton Mining, Inc. handled payroll for Mr. Ross Wenger and the other workers involved in the improvements to the existing agricultural land. Defendants deny the remainder of the allegations contained in Paragraph 73 of the Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.

Defendants admit the Mrs. Peters is the sole officer and owner of Sunflower Farm & Ranch, Inc. Defendants deny the remainder of the allegations contained in Paragraph 75 of the Complaint.

76.

Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.

Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.

Defendants admit that they were not required to obtain a permit from the Army Corps of Engineers for the improvements made to the existing agricultural land and did not discharge any dredged and/or fill material. Defendants deny the remainder of the allegations contained in Paragraph 78 of the Complaint.

79.

Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.

Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.

Defendants admit that the NRCS conducted a Preliminary Wetland Determination. Defendants deny the remainder of the allegations contained in Paragraph 81 of the Complaint.

82.

Defendants admit that they were not required to request a determination from the U.S. Army Corps of Engineers or consult with an environmental wetland consultant prior to making the improvements to the existing agricultural land. Defendants deny the remainder of the allegations contained in Paragraph 82 of the Complaint.

83.

Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.

Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.

Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.

Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.

Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.

Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.

Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.

Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.

Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.

Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.

Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.

Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.

Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.

Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.

Defendants deny the allegations contained in Paragraph 99 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Defendants Discharged and Continue to Discharge Tens of Thousands of Cubic Yards of Dredged and/or Fill Material into Waters of the United States without a Permit in Violation of the CWA)**

100.

Defendants reassert and incorporate by reference its responses to Paragraphs 1 through 99 of the Complaint as set forth above.

101.

Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.

Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.

Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.

Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.

Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.

Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.

Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.

Any and all allegations not specifically responded to are hereby denied.

## SECOND DEFENSE

For a Second Defense, Defendants assert that Plaintiffs' Complaint fails to state a valid claim upon which relief may be granted.

## THIRD DEFENSE

For a Third Defense, Defendants asserts that this Court lack subject matter jurisdiction over Plaintiffs' claims as it does not involve Water of the United States.

## FOURTH DEFENSE

For a Fourth Defense, Defendants assert that Plaintiffs' allegations do not support a claim that the alleged violations are "on-going violations," and the alleged violations are wholly past. Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc. 484 U.S. 49 (1987).

## FIFTH DEFENSE

For a Fifth Defense, Defendants assert that Plaintiffs failed to provide sufficient notice of alleged on-going violations as required and have failed to comply with the applicable regulations requiring sufficient notice to be provided prior to filing the instant lawsuit. 40 C.F.R. § 135.3.

## SIXTH DEFENSE

For a Sixth Defense, Defendants assert that Plaintiffs' purported notice letter failed to specifically detail the specific actions and did not provide sufficient notice to permit defendants to identify and correct any alleged violations.

## SEVENTH DEFENSE

For a Seventh Defense, Defendant asserts that Plaintiffs' claims are barred as the alleged activities of Defendants are exempted from the § 404 and § 505 provisions of the Clean Water Act pursuant to the Agricultural Exemption. 33 U.S.C. § 1344(f)(1)(A).

## EIGHTH DEFENSE

For an Eighth Defense, Defendant asserts that Plaintiffs lack standing to bring the instant lawsuit. Plaintiffs do not have standing to bring a citizen suit under the Clean Water Act. Defendants further assert that Plaintiffs lack Article III standing.

## NINTH DEFENSE

For a Ninth Defense, Mr. Ross Wenger asserts insufficient process and insufficient service of process.

## TENTH DEFENSE

For a Tenth Defense, Defendants assert that subsequent to the acts and/or omissions alleged against Defendants, which allegations are specifically denied, there were separate and intervening acts, which were alleged failure to act on the part of persons or entities other than Defendants which are the sole, proximate cause of any damages allegedly sustained by the Plaintiffs.

## ELEVENTH DEFENSE

For an Eleventh Defense, Defendants assert that Mrs. Evelyn S. Merritt is not the owner

of any of the property alleged to have been involved in this case and does not have standing to bring the instant lawsuit.

## TWELFTH DEFENSE

For a Twelfth Defense, Defendants assert that Plaintiffs suit was brought without providing sufficient notice as required and the suit was brought without complying with the applicable time limitations.

## THIRTEENTH DEFENSE

For a Thirteenth Defense, Defendants assert that Plaintiffs have failed to allege Defendants have discharged a pollutant from a point-source into waters of the United States.

## FOURTEENTH DEFENSE

For a Fourteenth Defense, Defendants assert that Defendants have complied with all applicable Federal and State laws including the Clean Water Act and the Georgia Water Quality Control Act.

## FIFTEENTH DEFENSE

For a Fifteenth Defense, Defendants assert that the provisions cited in Plaintiffs' Complaint related to the application of the Clean Water Act do not apply to Defendants actions on the property.

## SIXTEENTH DEFENSE

For a Sixteenth Defense, Defendants assert that Plaintiffs' claims should be barred or limited because Plaintiffs are not acting as private attorneys general but are pursuing a private remedy. Plaintiffs are also currently pursuing these private remedies in a parallel state court action. See Evelyn S. Merritt and Sharon L. Merritt McMillen, as trustee of the Merritt Living Trust v. Sunflower Farm and Ranch, Inc., Steven L. Peters, Kimberly K. Peters, and Ross A.

<u>Wenger</u>, Superior Court of Jefferson County, Georgia, Civil Action File No.: 16-CV-00074.

## SEVENTEENTH DEFENSE

For a Seventeenth Defense, Defendants assert that Plaintiffs' claims and alleged damages were the result of an unforeseen and unexpected "act of God" and were not the result of any action or inaction on the part of Defendants.

## EIGHTEENTH DEFENSE

For an Eighteenth Defense, Defendants assert that Plaintiffs' claims and alleged damages were the result of a naturally occurring condition on the property and was not the result of any action or inaction on the part of Defendants.

Wherefore, having fully answered, Defendants request that they receive a judgment in their favor, with all costs cast against Plaintiffs, and such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted, this 8th day of May, 2017.

/s/ John E. Price
N. STATEN BITTING
Georgia Bar No. 058940
JOHN E. PRICE
Georgia Bar No. 142012
Attorneys for Sunflower Farm & Ranch, Inc.,
Steven L. Peters, Ross A. Wenger and Kimberly K.
Peters

OF COUNSEL:
FULCHER HAGLER LLP
One 10th Street, Suite 700
Augusta, GA 30901
(706) 724-0171
Email: sbitting@fulcherlaw.com
Email: jprice@fulcherlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2017, a copy of the foregoing was electronically served with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following attorneys of record:

Tyler J. Sniff
Donald D.J. Stack
Stack & Associates, P.C.
260 Peachtree Street
Suite 1200
Atlanta, GA 30303

J. Skye Wellesley
Michael J. Rust
Gillian S. Crowl
Gray Rust St. Amand Moffett & Brieske, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA 30326

I further certify that a true copy of the foregoing has been served on the following counsel by depositing same in the United States Mail with sufficient postage attached thereto to ensure delivery, addressed as follows:

Harry D. Revell
Nicholson Revell, LP
Gateway Professional Center
4137 Columbia Road
Augusta, GA 30907

J. Franklin Edenfield
Spivey, Carlton & Edenfield, PC
Post Office Box 309
Swainesboro, GA 30401

/s/ John E. Price