

FILED IN OFFICE
JEFFERSON COUNTY
2016 FEB 19  AM 10: 24

CLERK OF SUPERIOR COURT

S#

**IN THE SUPERIOR COURT OF JEFFERSON COUNTY**
**STATE OF GEORGIA**

EVELYN S. MERRITT, and                )
SHARON L. MERRITT MCMILLEN,            )
*as Trustee of the Merritt Living Trust,*  )
                                       )
      Plaintiffs,                   )
                                       )
    v.                                )   **CIVIL ACTION NO.** 16 - CV - 00074
                                       )
SUNFLOWER FARM & RANCH, INC.,          )   **TRIAL BY JURY DEMANDED**
STEVEN L. PETERS,                      )
KIMBERLY K. PETERS, and                )
ROSS A. WENGER,                        )
                                       )
      Defendants.                   )
                                       )

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEYS' FEES AND EXPENSES OF LITIGATION

COME NOW, Evelyn S. Merritt, and Sharon L. Merritt McMillen, *as Trustee of the Merritt Living Trust*, and file this Verified Complaint for Injunctive Relief, Damages, and Attorneys' Fees and Expenses of Litigation, showing this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff Evelyn S. Merritt is 91 years old, and she resides at Parcel No. 0026 001 (477.71-acres, more or less), which is located at 6673 Friendship Church Road, Bartow, Jefferson County, Georgia, 30066 ("Merritt Property").

2.    On January 15, 1971, Mrs. Merritt acquired the Merritt Property with her late husband, Mr. Clarence Merritt, Jr., who passed away at the residence on the Merritt Property in 2001.

3.    Since 1971, Mrs. Merritt has resided continuously at the Merritt Property.

4.    On March 27, 2013, Mrs. Merritt conveyed by warranty deed the Merritt Property to the Merritt Living Trust.



EXHIBIT
**A**

5.     The Merritt Living Trust was created on March 21, 2013 for the benefit of Mrs. Merritt.

6.     Under the terms of the Merritt Living Trust, Mrs. Merritt retains the right to use and reside on the Merritt Property.

7.     Plaintiff Sharon L. Merritt McMillen is one of three daughters of Plaintiff Evelyn S. Merritt and is the Trustee of the Merritt Living Trust.

8.     Defendant Sunflower Farm & Ranch, Inc. is a Kansas for-profit corporation formed in 1997 that is authorized to conduct business in Georgia.

9.     J. Carleton Vaughn, Jr., Esq. is the registered agent of Sunflower Farm & Ranch, Inc.

10.     The physical address of Sunflower Farm & Ranch, Inc.'s registered agent is 405 Telfair Street, Augusta, Richmond County, Georgia 30901.

11.     Defendant Kimberly K. Peters is the CEO, CFO, and Secretary of Defendant Sunflower Farm & Ranch, Inc.

12.     Defendant Kimberly K. Peters resides at 873 River Bluff Road, North Augusta, South Carolina 29841, with her husband Defendant Steven L. Peters.

13.     Defendant Kimberly K. Peters is subject to the jurisdiction of this Court under the authority of O.C.G.A. § 9-10-91 in that she regularly does or solicits business in Georgia, as more fully shown by the facts alleged herein.

14.     Defendant Steven L. Peters resides at 873 River Bluff Road, North Augusta, South Carolina 29841.

15.     Defendant Steven L. Peters is subject to the jurisdiction of this Court under the authority of O.C.G.A. § 9-10-91 in that he regularly does or solicits business in Georgia, and he

is the record owner of real property that has a substantial connection or nexus with the basis of the instant controversy, as more fully shown by the facts alleged herein.

16.     Defendant Ross A. Wenger resides at 2579 NE Quaker Road, Wrens, Jefferson County, Georgia, 30833-3644.

17.     Since August 2013, Defendant Ross Wenger has worked as the Farm Manager at Defendant Sunflower Farm & Ranch, Inc.

## FACTUAL ALLEGATIONS

18.     For decades, the Merritt Property has contained a residence and two ponds.

19.     Pond 1 is approximately 8 acres, and it is fed by a tributary of Williamson Swamp Creek with headwaters on the properties owned by Defendants Sunflower Farm & Ranch, Inc. and Steven L. Peters as well as property across Friendship Church Road owned by Thomas F. Purvis.

20.     Pond 1 drains into an approximately 12-mile segment of Williamson Swamp Creek (a tributary of the Ogeechee River) from Route 24 to Limestone Creek that the Georgia Environmental Protection Division ("EPD") has designated since at least 2000 as not supporting its designated use of fishing due to pollution caused in part by agricultural runoff.

21.     Pond 2 is an approximately 2-acre pond located in front of the Merritt Residence along Friendship Church Road, and, as of August 2013, was fed by an approximately 100-acre watershed and a pond on the properties now owned by Defendants Sunflower Farm & Ranch, Inc. and Steven L. Peters, as well as a stream on Parcel No. 0026 002 (3.57 acres, more or less, adjacent to the Merritt Property).

22.     Plaintiffs and their family have used and enjoyed the Merritt Property for decades, including the use of both ponds for fishing, recreation, and family gatherings.

23.     As of August 2013, the Merritt Property was forested and in good condition.

24.     As of August 2013, the properties now owned by Defendants Sunflower Farm & Ranch, Inc. and Steven L. Peters were also forested and in good condition.

25.     As of August 2013, excessive volumes of stormwater and sediment did not flow from the properties now owned by Defendants onto the Merritt Property during rainfalls.

26.     During the summer and fall of 2013, Defendants Sunflower Farm & Ranch, Inc. and Steven L. Peters combined acquired approximately 700 acres in and around Jefferson County in the area around Georgia Highway No. 24, Friendship Church Road, New Fleming Road, and the Merritt Property ("Sunflower/Peters Property").

27.     Specifically, on July 16, 2013, Defendant Steven L. Peters acquired by warranty deeds Parcel No. 0025 016 (77.81 acres, more or less, fronting to the North on Georgia Highway No. 24); Parcel No. 0025 005 (.489 acres, more or less, fronting to the North on Georgia Highway No. 24); Parcel No. 0025 015 (169.33 acres, more or less, fronting to the North on Georgia Highway No. 24); Parcel No. 0025 046 (33.19 acres, more or less, bounded on the South by lands of Thomas F. Purvis); and Parcel No. 0025 021 (64.2 acres, more or less, across from the Merritt Property).

28.     On or around August 2013, Defendant Ross Wenger became Farm Manager at Defendant Sunflower Farm & Ranch, Inc.

29.     On September 12, 2013, Defendant Sunflower Farm & Ranch, Inc. acquired by warranty deed a parcel within Jefferson County and Washington County (215.89 acres, more or less, that abuts the Merritt Property) and a parcel within Jefferson County (101.01 acres, more or less, fronting to the West on Friendship Church Road).

30.     On November 19, 2013, Defendant Sunflower Farm & Ranch, Inc. acquired by warranty deeds a 7.49-acre parcel out of Parcel No. 0025 033; a 8.25-acre parcel out of Parcel No. 0025 035; and a 9.42-acre parcel out of Parcel No. 0025 035.

31.     Defendant Kimberly K. Peters holds a beneficial interest in multiple parcels acquired by Defendants Sunflower Farm & Ranch, Inc. and Steven L. Peters.

32.     During late 2013 and early 2014, these approximately 700 acres were converted from forest-pasture to row crops through clearing, grubbing, and grading.

33.     During 2013 to early 2014, hundreds of acres on the Sunflower/Peters Property that are located in the same watershed that feeds the ponds and streams on the Merritt Property and Williamson Swamp Creek were cleared, grubbed, and graded.

34.     Defendant Steven L. Peters directed, participated, or cooperated in this clearing, grubbing, and grading of the Sunflower/Peters Property.

35.     Defendant Kimberly K. Peters directed, participated, or cooperated in this clearing, grubbing, and grading of the Sunflower/Peters Property.

36.     Defendant Ross Wenger, as Farm Manager for Sunflower Farm & Ranch, Inc., directed, participated, or cooperated in this clearing, grubbing, and grading of the Sunflower/Peters Property.

37.     During this clearing, grubbing, and grading, Plaintiffs asked Defendant Ross Wenger to refrain from cutting some trees at the edge of the right of way owned by Jefferson County for Friendship Church Road to help protect the visual appearance of the Merritt Property and protect it from damage from excessive volumes of stormwater and sediment flow and he declined this request.

38.     In early December 2013, Timber Harvesting Notification Forms Nos. 136A, 136B, 136C, and 136D were submitted to Jefferson County, pursuant to Jefferson County Code Section 28-32, for Parcel Nos. 0025 015, 0025 0021, 0025 033, 0025 035, and 0025 036.

39.     These forms indicated that there were 6 acres of timber on each parcel (30 acres total).

5

40.     There were more than 30 acres of timber on these five parcels of the Sunflower/Peters Property.

41.     Timber was harvested on other parcels of the Sunflower/Peters Property at the direction, participation, or cooperation of Defendants without submitting a Timber Harvesting Notification Form to Jefferson County.

42.     The Sunflower/Peters Property was then mass graded to form flatter fields to enhance irrigation and cropping systems.

43.     From beginning of mass grading on the Sunflower/Peters Property to present, no erosion control measures were used on the Sunflower/Peters Property.

44.     From the beginning of mass grading on the Sunflower/Peters Property to present, no perimeter controls were used on the Sunflower/Peters Property.

45.     The mass grading included terracing with steep banks of fill material in the interior and along the down gradient perimeter of the Sunflower/Peters Property.

46.     A portion of the fill banks are adjacent to the Merritt Property such that stormwater and sediment runoff from the banks goes directly into Pond 2.

47.     Most of the remaining fill banks are adjacent to the tributary to Williamson Swamp Creek a few hundred feet from Pond 1.

48.     By early February 2014, nearly all of the approximately 700 acres of the Sunflower/Peters Property had been clear cut and much of it had been graded.

49.     The graded area soils on the Sunflower/Peters Property were left exposed for a year or more after clearing and grading.

50.     The mass grading diverted the natural base flow of water that historically ran through a pond on Sunflower/Peters Property and a stream on Parcel No. 0026 002 into Pond 2 on the Merritt Property.

51.     On August 2, 2014, rainfall resulted in excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property.

52.     This rainfall resulted in damage to the driveway on the Merritt Property, damage to the dam of Pond 1 and sedimentation of both ponds as well as Williamson Swamp Creek.

53.     Because of this damage, Plaintiffs were no longer able to use or enjoy portions of their property, including the driveway and both ponds for fishing, recreation, or family gatherings.

54.     On August 2, 2014, Plaintiffs submitted a complaint to Ken Thomas, Public Works Director of Jefferson County, about the excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property.

55.     On August 2, 2014, Defendant Ross Wenger visited the Merritt Property and observed the damage to the driveway.

56.     On August 5, 2014, Jimmy Kitchens, Code Enforcement Officer for Jefferson County, visited the Merritt Property, contacted the Georgia Environmental Protection Division ("EPD"), and was referred to the Georgia Soil and Water Conservation Commission ("GSWCC").

57.     On August 7, 2014, Jason Mallard, a GSWCC official, visited the Merritt Property and told Plaintiffs that Defendant Ross Wenger would work with Jefferson County and the GSWCC to abate the excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property onto the Merritt Property.

58.     On August 11, 2014, Joy Cotton, a daughter of Mrs. Merritt, asked Defendant Ross Wenger to repair the damage to the Merritt Property from the recent rainfall.

59.     On August 14, 2014, Joan Human, a daughter of Mrs. Merritt, contacted Defendant Ross Wenger about repairs to the Merritt Property and he told Mrs. Human that he

had taken actions to abate the excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property.

60.     On August 20, 2014, EPD official Jamie Lewis told Defendant Ross Wenger that Defendants could be responsible for the damage to the Merritt Property and violations of the Georgia Water Quality Control Act.

61.     On September 2, 2014, Jeffery Epps, an official of the U.S. National Resources Conservation Service ("NRCS") in Louisville, Georgia, told Plaintiffs that Thomas F. Purvis and Peppyria C. Jones had also submitted complaints regarding excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property onto their properties fronting Friendship Church Road and Georgia Highway No. 24.

62.     On September 9, 2014, officials of EPD and GSWCC met with Plaintiffs and members of their family at the Merritt Property and told them that these agencies would not be taking enforcement action against Defendants, at that time.

63.     On September 11, 2014, Jamie Scott, an official of EPD told Plaintiffs that he had spoken with Defendant Ross Wenger and that Mr. Wenger told him that he would do what he could to abate the excessive volumes of stormwater and sediment flowing onto the Merritt Property and repair the resulting damage.

64.     On October 15, 2014, a contractor at the direction, participation, or cooperation of Defendants performed work on the driveway and retaining wall at the Merritt Property without Plaintiffs' express permission or their approval of what and how the work would be done.

65.     Defendants then refused to pay the contractor for this work and instead attempted to get Plaintiffs to pay for it.

66.     On October 18, 2015, Plaintiff Sharon McMillen spoke with Defendant Kimberly K. Peters about the damage to the Merritt Property and asked her to have Defendant Steven L. Peters call Plaintiff Sharon McMillen, which he did not do.

67.     On December 17, 2014, Plaintiffs sent a letter to Defendants, informing them that Plaintiffs would not pay for the work on October 15, 2014, to which they did not receive a response from Defendants.

68.     During March 2015, Pastor Steve Keener of the Friendship Baptist Church on Friendship Church Road told Plaintiffs that the dam of Pond 1 was eroding.

69.     During March 2015, Plaintiffs had a contractor repair some of the damage to the dam and structures on Pond 1 and stabilize the retaining wall on Pond 2 with rocks to prevent further erosion.

70.     During late spring and early summer of 2015, portions of the Sunflower/Peters Property near the Merritt Property were graded at the direction, participation, or cooperation of Defendants.

71.     During this grading during, a makeshift detention pond directly across from the residence on the Merritt Property was constructed, at the direction, participation, or cooperation of Defendants.

72.     During this construction, berms of fill material were erected along the perimeter of portions of the Sunflower/Peters Property, including portions along Friendship Church Road directly across from the residence on the Merritt Property, at the direction, participation, or cooperation of Defendants.

73.     During late summer of 2015, Pastor Keener again told Plaintiffs that the dam of Pond 1 was eroding and excessive volumes of stormwater and sediment was flowing around the spillways of Pond 1.

9

74.     After speaking with Mr. Keener, during mid-August 2015, Plaintiffs adjusted a structure on Pond 2 to lower the level of Pond 2 and allow it to accept excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property and discharge it to Williamson Swamp Creek to guard against the breach of the dam of Pond 2.

75.     On July 15, 2015, Officer Kitchens visited the Merritt Property again and contacted EPD regarding the excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property; neither Jefferson County nor EPD took enforcement action, at that time.

76.     On August 30, 2015, rainfall resulted in excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property onto the Merritt Property.

77.     This rainfall again resulted in damage to the driveway at the Merritt Property, damage to the dam of Pond 1 and sedimentation of both ponds as well as Williamson Swamp Creek.

78.     Because of this damage, Plaintiffs were no longer able to use or enjoy portions of their property, including the driveway and both ponds for fishing, recreation, or family gatherings.

79.     On August 31, 2015, Plaintiff Evelyn Merritt and Joy Cotton asked Defendant Ross Wenger to visit the Merritt Property to observe the damage; Mr. Wenger visited the Merritt Property and told Plaintiff that he did not know what concern the damage was to him.

80.     During this visit, Defendant Ross Wenger denied that Defendants were responsible for the excessive volumes of stormwater and sediment flowing onto the Merritt Property and the resulting damage.

81.     On August 31, 2015, Ken Thomas, Public Works Director for Jefferson County, visited Sunflower/Peters Property and found that portions of the berms of fill material encroached on the right of way owned by Jefferson County for Friendship Church Road.

82.     On September 9, 2015, Joy Cotton spoke with Madara Tyler, Environmental Compliance Specialist with EPD about the excessive volumes of stormwater and sediment flowing onto the Merritt Property and EPD declined to take enforcement action.

83.     On September 16, 2015, Mr. Thomas instructed Defendant Ross Wenger to remove the portions of the berm of fill material that encroached on the County right of way.

84.     Defendants failed to remove the portions of the berm of fill material that encroached on the County right of way.

85.     During September 2015, Plaintiffs had a contractor repair portions of their driveway and structures on Pond 2.

86.     Rainfall during late September 2015 resulted in excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property.

87.     During late September 2015, there was a fish kill in Pond 2 on the Merritt Property.

88.     During November and December 2015, Plaintiffs had a contractor stabilize the damaged dam and structures on Pond 1.

89.     During December 2015, Plaintiffs had an erosion and sediment control professional conduct a site visit and evaluation of the excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property onto the Merritt Property and into Williamson Swamp Creek.

90.     On December 25, 2015, Plaintiff Sharon McMillen observed excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property into Pond 2 on the Merritt Property.

91.     On December 25, 2015, Plaintiff Sharon McMillen observed highly turbid water in Pond 2 and portions of Williamson Swamp Creek on the Merritt Property and downstream as far as Wadley, Georgia, a few miles from the Ogeechee River.

92.     During mid-January 2016, Mr. Thomas again instructed Defendant Ross Wenger to remove the portions of the berm of fill material that encroached on the County right of way and that he had 30 days to do so.

93.     As of today, portions of the berm of fill material continue to encroach on the County right of way.

94.     As of today, the areas graded on the Sunflower/Peters Property remain unstabilized.

95.     As of today, the steep banks of fill material remain uncovered and are heavily eroded.

96.     As of today, Pond 1 and Pond 2 on the Merritt Property are infilled with sediment from the clearing, grubbing, and grading of the Sunflower/Peters Property.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF - NUISANCE

97.     Plaintiffs incorporate by reference Paragraphs 1 through 96.

98.     From late 2013 through the present, excessive volumes of stormwater and thousands of tons of sediment have flowed from the Sunflower/Peters Property onto the Merritt Property and Williamson Swamp Creek during rainfalls because of the clearing, grubbing, and

grading of the Sunflower/Peters Property in which Defendants directed, participated, or cooperated.

99.   Because of this clearing, grubbing, and grading, post conversion runoff and sediment loss from the Sunflower/Peters Property to the Merritt Property is many multiples higher in a significant rain event than pre conversion.

100.   The excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property onto the Merritt Property during rainfalls has substantially and unreasonably interfered with Plaintiffs use and enjoyment of their property from early 2014 through the present and has caused them great discomfort, loss of peace of mind, unhappiness and annoyance.

101.   The excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property onto the Merritt Property during rainfalls has damaged the Merritt Property and diminished its value.

102.   The excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property onto the Merritt Property during rainfalls are a nuisance that resulted from negligence, improper, or illegal actions.

103.   Plaintiffs are entitled to recover damages for the interference with their use and enjoyment of their property and discomfort, loss of peace of mind, unhappiness and annoyance in an amount determined at trial by the enlightened conscience of a jury.

104.   Plaintiffs are entitled to recover damages equal to the cost to repair damage to the Merritt Property from excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property and any additional diminution in value to the Merritt Property.

105.    Plaintiffs are entitled to recover the tens of thousands of dollars that they have spent to date evaluating and repairing the damage to the Merritt Property caused by the excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property onto the Merritt Property.

106.    Plaintiffs are without an adequate remedy at law and are entitled to an injunction against Defendants under such terms that will abate the excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property.

### SECOND CLAIM FOR RELIEF - TRESPASS

107.    Plaintiffs incorporate by reference Paragraphs 1 through 96.

108.    From late 2013 through the present, excessive volumes of stormwater and thousands of tons of sediment have flowed from the Sunflower/Peters Property onto the Merritt Property and Williamson Swamp Creek during rainfalls because of the clearing, grubbing, and grading of the Sunflower/Peters Property, in which Defendants directed, participated, or cooperated.

109.    Because of this clearing, grubbing, and grading, post conversion runoff and sediment loss from the Sunflower/Peters Property to the Merritt Property is many multiples higher in a significant rain event than pre conversion.

110.    The stormwater and sediment that flows from Sunflower/Peters Property onto the Merritt Property during rainfalls has adulterated and polluted the water that runs from tributaries of Williamson Swamp Creek, into Pond 1 and Pond 2 on the Merritt Property, and through portions of Williamson Swamp Creek on the Merritt Property, within the meaning of O.C.G.A. §§ 44-8-1 and 51-9-7.

111.    This adulteration and pollution has lessened the value of these waters that runs into Pond 1 and Pond 2 on the Merritt Property and through portions of Williamson Swamp

Creek on the Merritt Property to Plaintiffs and has interfered with the enjoyment of these waters by Plaintiffs.

112.   Because of this clearing, grubbing, and grading of the Sunflower/Peters Property, waters that naturally ran through a pond on Sunflower/Peters Property and a stream on Parcel No. 0026 002 into Pond 2 on the Merritt Property and Williamson Swamp Creek have been diverted, within the meaning of O.C.G.A. §§ 44-8-1 and 51-9-7.

113.   The excessive volumes of stormwater flow and sedimentation from Sunflower/Peters Property onto the Merritt Property during rainfalls are trespasses.

114.   The diversion of waters that used to run through a pond on Sunflower/Peters Property and a stream on Parcel No. 0026 002 into a Pond 2 and Williamson Swamp Creek on the Merritt Property is a trespass.

115.   Plaintiffs are entitled to recover damages for the lessening of the value and the interference with the use of the water that runs into Pond 1 and Pond 2 on the Merritt Property and through portions of Williamson Swam Creek on the Merritt Property to Plaintiffs in an amount determined at trial by the enlightened conscience of a jury.

116.   Plaintiffs are entitled to recover damages equal to the cost to repair damage to the Merritt Property from excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property and any additional diminution in value to the Merritt Property.

117.   Plaintiffs are entitled to recover the tens of thousands of dollars that they have spent to date evaluating and repairing the damage to the Merritt Property caused by the excessive volumes of stormwater and sediment flowing from Sunflower/Peters Property onto the Merritt Property.

118.    Plaintiffs are without an adequate remedy at law and are entitled to an injunction against Defendants under such terms that will abate the excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property and from diverting the natural base flow of water to Pond 2 on the Merritt Property.

### THIRD CLAIM FOR RELIEF – NEGLIGENCE

119.    Plaintiffs incorporate by reference Paragraphs 1 through 96.

120.    Defendants had a duty to direct, participate, or cooperate in the clearing, grubbing, and grading of the Sunflower/Peters Property in a manner that would not damage the Merritt Property or Plaintiffs.

121.    Defendants had a duty to ensure that sound conservation and engineering practices to prevent and minimize erosion and resultant sedimentation were used in the clearing, grubbing, and grading of the Sunflower/Peters Property, in which they directed, participated, or cooperated, to guard against the risk of damage to the Merritt Property.

122.    Defendants had a duty to direct, participate, or cooperate in the clearing, grubbing, and grading of the Sunflower/Peters Property in a manner that would not adulterate and pollute the waters that run into Pond 1 and Pond 2 on the Merritt Property and portions of Williamson Swam Creek on the Merritt Property.

123.    Defendants had a duty to direct, participate, or cooperate in the clearing, grubbing, and grading of the Sunflower/Peters Property in a manner that would not result in the diversion of water that naturally and usually flowed into Pond 2 on the Merritt Property.

124.    Defendants breached these duties owed to Plaintiffs.

125.    As a result of the direct and proximate cause of the breach of these duties owed to Plaintiffs, the Merritt Property and Plaintiffs were damaged, in amounts to be proven at trial.

FOURTH CLAIM FOR RELIEF – NEGLIGENCE PER SE

126.    Plaintiffs incorporate by reference Paragraphs 1 through 96.

127.    The excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property because of the clearing, grubbing, and grading of this Property that Defendants directed, participated, or cooperated in have degraded the water quality of waters of the state, including but not limited to a tributary of Williamson Swamp Creek on the Property of Thomas F. Purvis, Pond 1 and Pond 2 on the Merritt Property, and Williamson Swamp Creek and adjacent wetlands, in violation of the Georgia Water Quality Control Act and its implementing regulations.

128.    The excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property because of this clearing, grubbing, and grading of the Sunflower/Peters Property flow through discernible, confined, and discrete conveyances on the Sunflower/Peters Property and culverts on Friendship Church Road into waters of the state, including but not limited to a tributary of Williamson Swamp Creek on the Property of Thomas F. Purvis, Pond 1 and Pond 2 on the Merritt Property, and Williamson Swamp Creek and adjacent wetlands.

129.    The excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property through these conveyances are not return flows from irrigated agriculture or agricultural storm water runoff, given the nature and scale of the grading and disturbance on the Sunflower/Peters Property.

130.    The mass grading on the Sunflower/Peters Property, was a disturbance of soils associated with clearing, grading, excavating, filling of land, or other similar activities which may result in soil erosion, and not agricultural or silvicultural practices, given the nature and scale of the grading and disturbance on the Sunflower/Peters Property.

131.     Prior to the mass grading on the Sunflower/Peters Property, authorization was not obtained under General Permit No. GAR100001 issued on September 24, 2013, to discharge stormwater and sediment from the Sunflower/Peters Property into waters of the state, including but not limited to a tributary of Williamson Swamp Creek on the Property of Thomas F. Purvis, Pond 1 and Pond 2 on the Merritt Property, and Williamson Swamp Creek and adjacent wetlands, in violation of the Federal Water Pollution Control Act ("Clean Water Act"), the Georgia Water Quality Control Act, and its implementing regulations.

132.     Prior to the mass grading on the Sunflower/Peters Property, a permit was not obtained from Jefferson County to conduct land disturbing activities, in violation of Jefferson County Code Section 16-219.

133.     The mass grading on the Sunflower/Peters Property was not agricultural operations as defined in O.C.G.A. § 1-3-3.

134.     Best management practices and minimum standards were not properly designed, installed, or maintained during the mass grading of the Sunflower/Peters Property, in violation of Jefferson County Code Sections 16-195 and 16-196.

135.     Defendants violated Jefferson County Code Section 28-32 by directing, participating, or cooperating in timber operations on the Sunflower/Peters Property without first completing a timber harvesting notification form.

136.     Defendants violated Jefferson County Code Section 28-32 by directing, participating, or cooperating in timber operations on the Sunflower/Peters Property that failed to restore the areas of timber operations to their original condition, including the shaping of ditches, grading or seeding.

137.     Defendants violated Jefferson County Code Section 28-32 by directing, participating, or cooperating in timber operations on the Sunflower/Peters Property that carried

mud onto Friendship Church Road by logging vehicles during timber operations on the Sunflower/Peters Property.

138.   Plaintiffs fall within the class of persons these statutes and regulations are intended to protect.

139.   Through these violations, Defendants breached duties owed to Plaintiffs.

140.   The violations proximately caused damage to Plaintiffs and the Merritt Property, in amounts to be proven at trial.

141.   The damage to Plaintiffs and the Merritt Property is the same harm that the statute was intended to guard against.

## DEMAND FOR ATTORNEYS' FEES AND EXPENSES OF LITIGATION

142.   Plaintiffs incorporate by reference Paragraphs 1 through 96.

143.   Throughout the actions underlying this action, Defendants have acted in bad faith, been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense and Plaintiffs are entitled to recover as damages from Defendants all expenses of litigation, including attorneys' fees, under O.C.G.A. § 13-6-11.

## DEMAND FOR PUNITIVE DAMAGES

144.   Plaintiffs incorporate by reference Paragraphs 1 through 96.

145.   Defendants actions underlying this action show willful misconduct, malice, wantonness, oppression, and an entire want of care which raises a presumption of conscious indifference to the consequences of the clearing, grubbing, and grading, in which they directed, participated, or cooperated.

146.   Plaintiffs are entitled to recover from Defendants punitive damages to penalize and punish them for the consequence of their actions underlying this action.

147.   On July 9, 2013, Defendant Sunflower Farm & Ranch, Inc. acquired by warranty deed Parcel No. 0104 004 (782.26 acres, more or less, fronting to the North Zebina Road).

148.   On June 5, 2013, Defendant Steven L. Peters acquired by warranty deed a 39.44% interest in Parcel No. 0087 001 (1093.1 acres, more or less, adjacent to Parcel No. 0104 004).

149.   On July 25, 2014, Defendant Steven L. Peters acquired by warranty deed Parcel No. 0104 003 (916.31 acres, more or less, contiguous to Parcel No. 0104 004 and Parcel No. 0087 001).

150.   Since acquisition of these parcels by Defendants, all three parcels have been entirely clear cut including portions of these parcels that are protected wetlands.

151.   Plaintiffs are entitled to recover from Defendants punitive damages to deter them from taking similar actions on thousands of other acres throughout Jefferson County that could cause similar damage to downgradient property owners and waters of the state similar to Plaintiffs and the Merritt Property.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for the following from this Honorable Court:

A.   That the Court issue a temporary restraining order against Defendants under such terms that will abate the excessive volumes of stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property and from diverting the natural base flow of water from Pond 2 on the Merritt Property;

B.   That the Court set down at the earliest possible time a hearing on an interlocutory injunction in this cause;

C.   That upon said hearing in this cause that the Court issue an interlocutory injunction against Defendants under such terms that will abate the excessive volumes of

stormwater and sediment flowing from the Sunflower/Peters Property onto the Merritt Property and from diverting the natural base flow of water from Pond 2 on the Merritt Property;

D.      That upon a final hearing in this action, that said interlocutory injunction be made permanent;

E.      That the Court grant Plaintiffs a trial by jury;

F.      That the Court enter judgment in favor of Plaintiffs and against Defendants on all claims, including their claims for punitive damages and attorneys' fees and expenses of litigation; and

G.      That the Court award Plaintiffs such further relief as this Honorable Court deems just and equitable.


                                        Respectfully submitted,


Dated: February 19, 2016

                                        Tyler J. Sniff
                                        Georgia Bar No. 403125
                                        Donald D.J. Stack
                                        Georgia Bar No. 673735
                                        STACK & ASSOCIATES, P.C.
                                        260 Peachtree Street, Suite 1200
                                        Atlanta, Georgia 30303
                                        Telephone: (404) 525-9205
                                        Facsimile: (404) 522-0275
                                        E-mail: tsniff@stackenv.com
                                        dstack@stackenv.com

                                        *Attorneys for Plaintiffs Evelyn Merritt and Sharon
                                        L. Merritt McMillen, as Trustee of the Merritt
                                        Living Trust*


                                        21

## IN THE SUPERIOR COURT OF JEFFERSON COUNTY
## STATE OF GEORGIA

FILED IN OFFICE
JEFFERSON COUNTY
SUPERIOR
2016 FEB 19  AM 10: 22  SH

CLERK OF SUPERIOR COURT

|  |  |
|---|---|
| EVELYN S. MERRITT, and<br>SHARON L. MERRITT McMILLEN,<br>*as Trustee of the Merritt Living Trust,*<br><br>Plaintiffs,<br><br>v.<br><br>SUNFLOWER FARM & RANCH, INC.,<br>STEVEN L. PETERS,<br>KIMBERLY K. PETERS, and<br>ROSS A. WENGER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.

16 CV00074

### VERIFICATION

STATE OF GEORGIA        )
                                          )
COUNTY OF JEFFERSON  )

Personally appeared before me an officer duly authorized by law to administer oaths EVELYN S. MERRITT, who states under oath that she is a Plaintiff named in the above and foregoing Complaint and that the facts contained within said Complaint are true to the best of her knowledge and belief.

FURTHER AFFIANT SAYETH NOT

_Evelyn S. Merritt_
EVELYN S. MERRITT

Sworn to and subscribed before me this _18_ day of February, 2016.

[Affix Seal]

_Monica Holt_
Notary Public
My commission expires: _2/26/16_

FILED IN OFFICE
JEFFERSON COUNTY
SUPERIOR COURT

2016 FEB 19   AM 10: 22

CLERK OF SUPERIOR COURT

SH

## IN THE SUPERIOR COURT OF JEFFERSON COUNTY
## STATE OF GEORGIA

EVELYN S. MERRITT, and          )
SHARON L. MERRITT MCMILLEN,     )
*as Trustee of the Merritt Living Trust,*  )
                                )
              Plaintiffs,        )
                                )
v.                              )        CIVIL ACTION NO. 16 CV00074
                                )
SUNFLOWER FARM & RANCH, INC.,   )
STEVEN L. PETERS,               )
KIMBERLY K. PETERS, and         )
ROSS A. WENGER,                 )
                                )
              Defendants.        )
                                )

## VERIFICATION

STATE OF GEORGIA      )
                      )
COUNTY OF COBB        )

Personally appeared before me an officer duly authorized by law to administer oaths SHARON L. MCMILLEN, who states under oath that she is a Plaintiff named in the above and foregoing Complaint and that the facts contained within said Complaint are true to the best of her knowledge and belief.

FURTHER AFFIANT SAYETH NOT

_____
SHARON L. MERRITT MCMILLEN

Sworn to and subscribed before me this *17* day of February, 2016.

[Affix Seal]

_____
Notary Public
My commission expires: 8-5-16

```
MARLENE JONES
Notary Public
Paulding County
State of Georgia
My Commission Expires Aug 5, 2016
```

SUMMONS                                                                                  SC-85-1

## IN THE SUPERIOR/STATE COURT OF JEFFERSON COUNTY

## STATE OF GEORGIA

Evelyn S. Merritt, and
Sharon L. Merritt McMillen,
as trustee of the Merritt Living Trust,
                                PLAINTIFF

                    VS.

Sunflower Farm and Ranch, Inc.,
Steven L. Peters, Kimberly K. Peters,
Ross A. Wenger.
                                DEFENDANT

CIVIL ACTION
NUMBER     16CV00074

FILED IN OFFICE
JEFFERSON COUNTY
SUPERIOR COURT
2016 FEB 19 AM 10: 2:3
CLERK OF SUPERIOR COURT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Tyler Snitt
Stock and Associates, P.C.
260 Peachtree Street, Suite 1200
Atlanta, GA 30303
(404) 525-9205

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___19th___ day of ___February___, 20 _16_

                                        Clerk of Superior/State Court

                                        BY _Kaelynn Woodard_
                                                        Deputy Clerk

INSTRUCTIONS:  Attach addendum sheet for additional parties if needed. make notation on this sheet if addendum sheet is used.

SUMMONS                                                                                    SC-85-1

# IN THE SUPERIOR/STATE COURT OF JEFFERSON COUNTY

## STATE OF GEORGIA

Evelyn S. Merritt, and

Sharon L. Merritt McMillen,

as Trustee of the Merritt Living Trust
                                                    PLAINTIFF

CIVIL ACTION
NUMBER _____ 16CV00074

VS.

Sunflower Farm and Ranch, Inc.,

Steven L. Peters, Kimberly K. Peters

Ross A. Wenger.
                                                    DEFENDANT

FILED IN OFFICE
JEFFERSON COUNTY
SUPERIOR COURT
2016 FEB 19  AM 10:24
CLERK OF SUPERIOR COURT
KCB

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Tyler Sniff
Stock and Associates, P.C.
260 Peachtree Street, Suite 1200
Atlanta, GA 30303
(404) 525-9205

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___19th___ day of ___February___, 20_16_.

Clerk of Superior/State Court

BY _Kalynn Wooddard, Dep._
                                                    Deputy Clerk

INSTRUCTIONS:  Attach addendum sheet for additional parties if needed. make notation on this sheet if addendum sheet is used.

SUMMONS                                                                          SC-85-1

## IN THE SUPERIOR/STATE COURT OF JEFFERSON COUNTY

## STATE OF GEORGIA

Evelyn S. Merritt, and

Sharon L. Merritt McMillen,

as trustee of the Merritt Living Trust

PLAINTIFFS

CIVIL ACTION
NUMBER ____16OOO74____

VS.

Sunflower Farm and Ranch, Inc.,

Steven L. Peters, Kimberly K. Peters

Foss A. Wenger.

DEFENDANTS

FILED IN OFFICE
JEFFERSON COUNTY
SUPERIOR COURT
2016 FEB 19 AM 10: 24
_____
CLERK OF SUPERIOR COURT
KW

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:    Tyler Sniff

Stack and Associates, P.C.

260 Peachtree Street, Suite 1200

Atlanta, GA 30303

(404) 525-9205

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___19th___ day of ___February___, 20_16_.

Clerk of Superior/State Court

BY _Kalynn Woodard, Dep._

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SUMMONS                                                                          SC-85-1

## IN THE SUPERIOR/STATE COURT OF JEFFERSON COUNTY

## STATE OF GEORGIA

Evelyn S. Merritt, and                    CIVIL ACTION
                                          NUMBER _____ 16CV00074
Sharon L. Merritt McMillen,

as trustee of the Merritt Living Trust
                          PLAINTIFF

                    VS.

Sunflower Farm and Ranch, Inc.

Steven L. Peters, Kimberly K. Peters,

Ross A. Wenger
                          DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:  Tyler Snift

            Stack and Associates, P.C.

            260 Peachtree Street, Suite 1200

      ---   Atlanta, GA 30303
            (404) 525-9205
an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___19th___ day of ___February___, 20_16_.

                                          Clerk of Superior/State Court

                                    BY _Kaelynn Woodard, Dep_
                                                            Deputy Clerk

INSTRUCTIONS:  Attach addendum sheet for additional parties if needed. make notation on this sheet if addendum sheet is used.