# Exhibit B

# ANDREWS, KNOWLES
# & PRINCENTHAL, LLC

Gary B. Andrews • C. Cooper Knowles • Adam P. Princenthal



November 15, 2005

**VIA CERTIFIED MAIL, R.R.R.**

Mr. Stephen L. Johnson, Administrator
U.S. Environmental Protection Agency
401 M Street, SW
Washington, DC 20460

Mr. James Palmer
Regional Administrator
U.S. Environmental Protection Agency
Sam Nunn Federal Center
61 Forsyth Street, SW
Atlanta, Georgia 30303

Ms. Carol Couch
Director, Georgia EPD
205 Butler Street, SE
Atlanta, Georgia 30334

Alliance for Tributary at New Manchester
c/o Richard A. Mildner, Registered Agent
1800 Riverside Parkway
Douglasville, Georgia 30135

New Manchester Investments, LLC
c/o Robert J. Kauffman, Registered Agent
6622 East Broad Street
Douglasville, Georgia 30134

New Manchester Office &
Business Properties, LLC
c/o Robert J. Kauffman, Registered Agent
6622 East Broad Street
Douglasville, Georgia 30134

Douglasville Development, LLC
c/o CT Corporation System
1201 Peachtree Street, NE
Atlanta, Georgia 30361

SouthEastern Civil Engineering, LLC
c/o Rodney Blackley, Registered Agent
3195 Gainer Drive
Powder Springs, Georgia 30127

Brad Cole Construction Company
c/o Melissa M. Cole, Registered Agent
2250 Lovvorn Road
Carrollton, Georgia 30117

Plateau Excavation, Inc.
c/o Brenda West, Registered Agent
375 Le Industrial Boulevard
Austell, Georgia 30168

New Manchester Properties, LLC
c/o Robert J. Kauffman, Registered Agent
6622 East Broad Street
Douglasville, Georgia 30134

New Manchester, LLC
c/o Robert J. Kauffman
6622 East Broad Street
Douglasville, Georgia 30134

Tributary at New Manchester Community Association, Inc.
c/o Richard A. Mildner, Registered Agent
1800 Riverside Parkway
Douglasville, Georgia 30135

Notice of Intent To Sue
FWPCA Section 505 - 33 U.S.C. 1365
RCRA Section 7002 - 42 U.S.C. § 6972(a)(1)

RE: Violations of Clean Water Act and Resource Conservation and Recovery Act occurring at/or originating from the Tributary at New Manchester subdivision and the New Manchester distribution center in Douglas County, Georgia

To Whom It May Concern,

This firm has been retained to represent Mr. Leonard Purvis, Mrs. Patricia Purvis, Mr. Kenneth Bryant, and Mrs. Beverly Starling in matters arising from damages to their properties in Douglas County, Georgia. The properties at issue are adjacent to and downstream from the Tributary at New Manchester development site and the New Manchester Distribution Center (hereinafter "the New Manchester Sites"). This letter gives notice of claims under the Federal Clean Water Act arising out of the discharge of pollutants into waters of the United States and the State of Georgia and surrounding wetlands and the filling of jurisdictional waters by excessive discharges of eroded soils, dirt, sediment and debris from the New Manchester Sites. This letter also gives notice of claims under the Federal Clean Water Act for past and ongoing violations of the applicable National Pollution Discharge Elimination system ("NPDES") Permit GAR 100003.

Following are the names and addresses of the persons giving this notice. Since we are asking that all communication regarding this letter be directed to Andrews, Knowles & Princenthal, LLC, counsel for such persons giving notice, we have not provided phone numbers for the persons giving notice. However, each of them may be contacted by calling the offices of Andrews, Knowles & Princenthal, LLC at (404) 524-4000.

Mr. Leonard Purvis
Mrs. Patricia Purvis
2645 Riverside Parkway
Lithia Springs, GA 30122

Mr. Kenneth Bryant
Mrs. Beverly Starling
2545 Riverside Parkway
Lithia Springs, GA 30122

You are hereby given notice that the potentially responsible parties include the following: New Manchester Investments, LLC; New Manchester Office & Business Properties, LLC; New Manchester Properties, LLC; New Manchester, LLC; Tributary at New Manchester Community Association, LLC; Alliance for Tributary at New Manchester; Douglasville Development, LLC; SouthEastern Civil Engineering, LLC; Brad Cole Construction Co.; and Plateau Excavation, Inc., as well as any other subsidiary or related entity of any of the preceding involved in activities at the New Manchester Sites. Please advise us if you have reason to believe that you have been erroneously named as a potentially responsible party in this matter.

Section 505(b) of the Clean Water Act, 33 U.S.C. 1365(b), requires that sixty (60) days prior to the institution of a civil suit under authority of Section 505(a) of the Clean Water Act, 33 U.S.C. 1365(a), a citizen or citizens' group must give notice of intent to sue. Therefore, the purpose of this letter is to inform you that our clients intend to bring a citizen's suit sixty days from the date of this letter under § 505 of the Clean Water Act ("the Act") against all potentially responsible parties for the land disturbing and other activities on the New Manchester Sites that cause, or contribute to, violations of the Act. The suit will seek injunctive relief, civil penalties and costs of litigation for said violations of the Act by these activities.

The notice letter hereby alleges that the land disturbance and other development activities undertaken by some or all of the above listed parties on the property of the New Manchester Sites in Douglas County, Georgia, have resulted in discharges which violate Section 301(a) of the Clean Water Act, 33 U.S.C. 1311(a), in that either a point source discharge permit under the National Pollutant Discharge Elimination System ("NPDES"), Section 402 of the Clean Water Act, 33 U.S.C. 1342, for discharge of dirt, sand, rock, eroded soil, sediment, debris, stormwater, and other pollutants from the New Manchester Sites into waters of the United States has not been obtained or that the terms of any such permit obtained have been violated. In particular, these activities involve the discharge of sediment, rock, sand and dirt which are "pollutants" under the Clean Water Act Section 502(6), 33 U.S.C. Section 1362(6) and *United States v. M.C.C. of Florida, Inc.*, 772 F.2d 1501, 1505-06 (11th Cir. 1985), *vacated and remanded on other grounds*, 481 U.S. 1034 (1987). These discharges are the direct result of the activities of the above listed parties on the New Manchester Sites. The unlawful discharges flow into Sweetwater Creek, which is a tributary of the Chattahoochee River, and associated wetlands. These waters are waters of the United States and the tributaries of Sweetwater Creek lie on our clients' properties. The contamination originates from the land disturbance and other development activities undertaken in connection with the New Manchester Sites.

- 3 -

The following activities have been undertaken on the site in violation of the Act:

(1.) Land disturbance and other development activities on the property were initiated and continue without the proper installation and maintenance of all erosion and sediment control structures and measures in violation of Best Management Practices required by the CWA, Georgia Water Quality Control Act, and the Georgia Erosion and Sedimentation Act of 1975. Failure to adhere to these standards has led to the ongoing discharge of pollutants including causing the discharge of rock, sand, dirt, sediment, and other debris from point sources in violation of §§ 301 and 402 of the Act.

(2.) Similarly, the failure to adhere to Best Management Practices has also led to the ongoing discharge of pollutant laden stormwater in violation of the Act from areas of the site which constitute point sources in violation of §§ 301 and 402 of the Act.

(3.) In addition, dredge and fill materials have been and continue to be discharged into waters of the United States without a permit in violation of § 404 of the Act.

The Clean Water Act requires NPDES permits for all point source discharges of pollutants into waters of the United States. The activities complained of on the New Manchester Sites are point sources requiring such permits. Moreover, the owner or operator of any point source must monitor and sample effluents to determine whether any effluent limitations or standards are being violated and must maintain records regarding this information under 33 U.S.C. § 1318(a). The preceding potentially responsible parties are hereby alleged to be causing, contributing to, or engaging in land disturbance and other related development activities on the New Manchester Sites which have resulted in the violations of the Act discussed herein. Said violations began no later than March 21, 2002 and are presently continuing. A sample listing of some specific dates such violations have occurred include, but is not limited to, the, following: 3/22/02, 3/27/05, 3/31/05, 4/3/05, 4/12/05, 4/26/05, 4/27/05, 5/2/02, 6/3/02, 6/11/02, 7/6/05, 8/14/02, 8/28/02, 9/10/02, 2/5/03, 11/19/03, 12/5/03, 1/19/04, 2/2/04, 3/22/04, 3/3/05, 3/17/05, 3/21/05, 3/30/05, 4/12/05, 5/11/05, 5/14/05, 6/2/05, 7/19/05, and 7/21/05. Of course, this list continues to grow each day. Moreover, additional discharges have occurred, and continue to occur, with each rain event from the start of land disturbing activities to the present.

In addition, land disturbance and other development activities on the New Manchester Sites have resulted and will continue to result in the discharge of dredged or fill material into navigable waters of the United States, where the flow or circulation of such navigable waters may be impaired or the reach of such waters reduced, and where the chemical and biological characteristics of the navigable waters may be impaired and the aquatic environment adversely affected, yet no dredge and fill permit has been secured or is proposed to be secured as required under Section 404 of the Clean Water Act, 33. U.S.C. 1344. Federal regulations provide that a pre-discharge notification must

be provided to the Corps of Engineers if such activities will result in the discharge of dredged fill material into special aquatic sites, including wetlands. 33 C.F.R. § 133. The failure to adhere to these regulations is actionable under the citizen suit provision of the Act.

Finally, these activities have resulted in violations of the standards found in Georgia DNR Rules 391-3-6 *et seq*. Specifically, these activities have resulted in violations of:

(1.) 391-3-6-.03(c) which states that all waters shall be free from material related to municipal, industrial or other discharges which produce turbidity, color, odor or other objectionable conditions which interfere with legitimate water uses.

(2.) 391-3-6-.03(5)(d) which states that all waters shall be free from turbidity which results in a substantial visual contrast in a water body due to a man-made activity. For land disturbing activities, proper design, installation, and maintenance of best management practices and compliance with issued permits shall constitute compliance with Paragraph 391-3-6-.03(5)(d).

(3.) 391-3-6-03(5)(b) which states that all waters shall be free from floating debris in amounts sufficient to be unsightly or that interfere with legitimate water uses.

(4.) 391-3-6-.15(4)(a) which states that all pollutants shall receive such treatment or corrective action so as to "ensure compliance" with effluent limitations established by the EPA pursuant to the Clean Water Act.

Said violations are ongoing at this time. Moreover, in addition to the violations of the Clean Water Act which began in March 2002, the above listed parties are also liable for damages recoverable under state law claims for nuisance, trespass, negligence, negligence per se, riparian rights, bad faith attorney's fees and punitive damages arising from the same activities which have caused the Clean Water Act violations and which have affected and damaged our clients. This letter will serve as our clients' continued request that all such nuisances be immediately and fully abated.

Please contact one of us should you have any questions concerning this notice, or if you believe this notice is incorrect in any respect. During the notice period we are available to discuss this matter with you, but suggest that if you desire to institute negotiations in lieu of the civil action, that you do so immediately as we do not intend to delay continued prosecution of this suit once the notice period has expired. Please be advised that the failure to remedy any of the violations set forth in this letter can result in a Court Order enjoining further violations and imposing civil penalties payable to the United States Treasury. In addition, upon the successful prosecution of this suit, our clients intend to seek compensation for attorney's fees and the costs of litigation under

the citizen suit provision of the Clean Water Act, as well as state law provisions for bad faith attorney's fees

Please be advised that our clients have attempted diligently to date to remedy this problem through the appropriate administrative channels to prevent the damages the activities on the New Manchester Sites are causing, but to no avail. Correspondence regarding this matter should be directed to the undersigned.

Adam Princenthal
Georgia Bar No. 588219
C. Cooper Knowles
Georgia Bar No. 426699

cc: Mr. Leonard Purvis
Mrs. Patricia Purvis
Mr. Kenneth Bryant
Mrs. Beverly Starling