# BRUNT & HOOD LLC

ATTORNEYS AT LAW

118 COURT STREET, SUITE 3
P.O. BOX 1328
CALHOUN, GA 30703
TELEPHONE (706) 602-0602
FAX (706) 602-0212

T. NEAL BRUNT
JASON P. HOOD
JEFFREY M. HOOD

CARTERSVILLE OFFICE

210 WEST MAIN STREET
CARTERSVILLE, GA 30120
TELEPHONE (770) 387-4500
FAX (770) 386-8585

October 31, 2005

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Mr. William P. Bailey
City Attorney for City of Calhoun
Bailey & Govignon
112 N. Wall Street
Calhoun, GA 30701

Ms. Suzanne Hutchinson
Gordon County Attorney
Gordon County Administrative Bldg
201 North Wall Street
Calhoun, GA 30701

Stephen L. Johnson, Administrator
U.S. Environmental Protection Agency
401 M Street, SW
Washington, DC 20460

Gordon County, Georgia
c/o Tom Burgess, Development
Gordon County Wall St. Annex
200 South Wall Street, First Floor
Calhoun, GA 30701

Mr. James Palmer
Regional Administrator
U.S. Environmental Protection Agency
Sam Nunn Federal Center
61 Gordon Street, SW
Atlanta, Georgia 30303

City of Calhoun, Georgia
c/o Jerry Crawford, Water and Sewer
260 Kirby Road
Calhoun, GA 30701

Ms. Carol Couch,
GA EPD Director
205 Butler Street, SE
Atlanta, Georgia 30334

The Hogan Construction Group LLC
c/o R.A. Paul H. Hogan
3120 Medlock Bridge Road, Bldg. J.
Norcross, GA 30071

Northwest Georgia Paving, Inc.
c/o R. A. Russell Smith
1654 Rome Road, S.W.
Calhoun, GA 30703

Robert and Company
c/o Registered Agent M. K. Klutz
96 Poplar Street, N.W.
Atlanta, GA 30303

EXHIBIT "A"

Robert Bruce Shuler
D/B/A C & S Construction Company
8274 Calhoun Road
Adairsville, GA 30103

**Notice of Intent To Sue**
**FWPCA Section 505 - 33 U.S.C. 1365**

RE: Violations of Clean Water Act occurring at/or originating from the Sonoraville Recreation Complex and Sonoraville School in Gordon County, Georgia

To whom it may concern,

This firm and the firm of Andrews, Knowles & Princenthal, LLC have been retained to represent Mr. Shane Carney and Mrs. Charity Carney in matters arising out of the contamination of waters of the United States and the State of Georgia and surrounding wetlands by the land disturbance and other development activities on the Sonoraville Recreation Complex and Sonoraville School properties in Gordon County, Georgia.

Following are the names, addresses and telephone numbers the persons giving this notice:

> Mr. Shane Carney
> Mrs. Charity Carney
> 587 Wesley Chapel Road
> Calhoun, GA 30701

You are hereby given notice that the potentially responsible parties include the following: The Hogan Construction Group, LLC, Northwest Georgia Paving, Inc., Robert and Company, Robert Bruce Shuler, d/b/a C & S Construction Co., Gordon County, City of Calhoun as well as any other subsidiary or related entity of any of the preceding involved in activities at The Sonoraville Recreation Complex and Sonoraville School sites in question.

**Clean Water Act**

Section 505(b) of the Clean Water Act, 33 U.S.C. 1365(b), requires that sixty (60) days prior to the institution of a civil suit under authority of Section 505(a) of the Clean Water Act, 33 U.S.C. 1365(a), a citizen or citizens' group must give notice of intent to sue. Therefore, the purpose of this letter is to inform you that our clients intend to bring a citizen's suit sixty days from the date of this letter under § 505 of the Clean Water Act ("the Act") against all potentially responsible parties for the land disturbing and other activities on The Sonoraville Recreation Complex and Sonoraville School properties that

- 2 -

cause, or contribute to, violations of the Act. The suit will seek injunctive relief, civil penalties and costs of litigation for said violations of the Act by these activities.

The notice letter hereby alleges that the land disturbance and other development activities undertaken by some or all of the above listed parties on The Sonoraville Recreation Complex and Sonoraville School properties in Gordon County, Georgia, have resulted in discharges which violate Section 301(a) of the Clean Water Act, 33 U.S.C. 1311(a), in that either a point source discharge permit under the National Pollutant Discharge Elimination System ("NPDES"), Section 402 of the Clean Water Act, 33 U.S.C. 1342, for discharge of dirt, sand, rock, eroded soil, sediment, debris, stormwater, and other pollutants from The Sonoraville Recreation Complex and Sonoraville School properties into waters of the United States has not been obtained or that the terms of any such permit obtained have been violated. In particular, these activities involve the discharge of sediment, rock, sand and dirt which are "pollutants" under the Clean Water Act Section 502(6), 33 U.S.C. Section 1362(6) and *United States v. M.C.C. of Florida, Inc.*, 772 F.2d 1501, 1505-06 (11th Cir. 1985), *vacated and remanded on other grounds*, 481 U.S. 1034 (1987). These discharges are the direct result of the activities of the above listed parties on The Sonoraville Recreation Complex and Sonoraville School properties. The unlawful discharges flow into Jack's Creek, which is a tributary of the Pine Log Creek basin and Etowah River, and associated wetlands. These waters are waters of the United States and Jack's Creek lies on the property of the Noticees. The contamination originates from the land disturbance and other development activities undertaken in connection with development of The Sonoraville Recreation Complex and Sonoraville School properties.

The following activities have been undertaken on the site in violation of the Act:

(1.) Land disturbance and other development activities on The Sonoraville Recreation Complex and Sonoraville School properties were initiated, and continue to this day, without the proper installation and maintenance of all erosion and sediment control structures and measures in violation of Best Management Practices required by the CWA, Georgia Water Quality Control Act, and the Georgia Erosion and Sedimentation Act of 1975. Failure to adhere to these standards has led to the ongoing discharge of pollutants including causing the discharge of rock, sand, dirt, sediment, and other debris from point sources in violation of §§ 301 and 402 of the Act.

(2.) Similarly, the failure to adhere to Best Management Practices has also led to the ongoing discharge of pollutant laden stormwater in violation of the Act from areas of the sites which constitute point sources in violation of §§ 301 and 402 of the Act.

(3.) In addition, dredge and fill materials have been and continue to be discharged into wetlands and waters of the United States without a permit in violation of § 404 of the Act.

- 3 -

The Clean Water Act requires NPDES permits for all point source discharges of pollutants into waters of the United States. The activities complained of on The Sonoraville Recreation Complex and Sonoraville School properties are point sources requiring such permits. Moreover, the owner or operator of any point source must monitor and sample effluents to determine whether any effluent limitations or standards are being violated and must maintain records regarding this information under 33 U.S.C. § 13 18(a). The preceding potentially responsible parties are hereby alleged to be causing, contributing to, or engaging in land disturbance and other related development activities on The Sonoraville Recreation Complex and Sonoraville School properties which have resulted in the violations of the Act discussed herein. Said violations began no later than October 12, 2005, and are presently continuing. A sample listing of some specific dates such violations have occurred include, but is not limited to, the, following:

In 2004: October 12, 13, and 19; November 3, 7, 11, 20, 22, 23, 27, 28, and 29; December 1, 6, 7, 8, 9, 10, 11, 12, 22, and 23.

In 2005: January 5, 7, 13, 28, and 29; February 2, 14, 15, 21, 22, and 28; March 7, 13, 16, 22, 26, 27, and 31; April 1, 6, 7, 22, 26, and 30; May 5, 10, 19, 20, 29, 30, and 31; June 1, 3, 6, 9, 11, 26, and 27; July 1, 3, 5, 6, 7, 10, 11, 15, 19, 27, and 28.

**Of course, this list continues to grow each day. Moreover, additional discharges have occurred, and continue to occur, with each rain event from the start of land disturbing activities to the present.**

In addition, land disturbance and other development activities on The Sonoraville Recreation Complex and Sonoraville School properties have resulted and will continue to result in the discharge of dredged or fill material into navigable waters of the United States, where the flow or circulation of such navigable waters may be impaired or the reach of such waters reduced, and where the chemical and biological characteristics of the navigable waters may be impaired and the aquatic environment adversely affected, yet no dredge and fill permit has been secured or is proposed to be secured as required under Section 404 of the Clean Water Act, 33. U.S.C. 1344. Federal regulations provide that a pre-discharge notification must be provided to the Corps of Engineers if such activities will result in the discharge of dredged fill material into special aquatic sites, including wetlands. 33 C.F.R. § 133. The failure to adhere to these regulations is actionable under the citizen suit provision of the Act.

Finally, these development activities on the sites have resulted in violations of the standards found in Georgia DNR Rules 391-3-6 *et seq*. Specifically, these activities have resulted in violations of:

- 4 -

(1.)     391-3-6-.03(c) which states that all waters shall be free from material related to municipal, industrial or other discharges which produce turbidity, color, odor or other objectionable conditions which interfere with legitimate water uses.

(2.)     391-3-6-.03(5)(d) which states that all waters shall be free from turbidity which results in a substantial visual contrast in a water body due to a man-made activity… For land disturbing activities, proper design, installation, and maintenance of best management practices and compliance with issued permits shall constitute compliance with Paragraph 391-3-6-.03(5)(d).

(3.)     391-3-6-03(5)(b) which states that all waters shall be free from floating debris in amounts sufficient to be unsightly or that interfere with legitimate water uses.

(4.)     391-3-6-.15(4)(a) which states that all pollutants shall receive such treatment or corrective action so as to "ensure compliance" with effluent limitations established by the EPA pursuant to the Clean Water Act.

Said violations are ongoing at this time. In addition to the violations of the Clean Water Act which began in October 2004, the above listed parties are also liable for damages recoverable under state law claims for nuisance, trespass, negligence, negligence per se, riparian rights, bad faith attorney's fees and punitive damages arising from the same activities which have caused the Clean Water Act violations and which have affected and damaged our clients. This letter will serve as our clients' continued request that all such nuisances be abated immediately and fully.

Please contact one of us should you have any questions concerning this notice, or if you believe this notice is incorrect in any respect. During the notice period we are available to discuss this matter with you, but suggest that if you desire to institute negotiations in lieu of the civil action, that you do so immediately as we do not intend to delay continued prosecution of this suit once the notice period has expired. Please be advised that the failure to remedy any of the violations set forth in this letter can result in a Court Order enjoining further violations and imposing civil penalties payable to the United States Treasury. In addition, upon the successful prosecution of this suit, our clients intend to seek compensation for attorney's fees and the costs of litigation under the citizen suit provisions of the Clean Water Act as well as state law provisions for bad faith attorney's fees.

Please be advised that our clients have attempted diligently to date to remedy this problem through the appropriate administrative channels to prevent the damages the activities the sites in question are causing, but to no avail. Correspondence regarding this matter should be directed to the undersigned.

- 6 -

_Jeffrey M. Hood_
Jeffrey M. Hood
Georgia Bar No.: 364959
Robert W. Lamb
Georgia Bar No.: 631650

BRUNT & HOOD, LLC
118 Court Street, Suite 3
P.O. Box 1328
Calhoun, Georgia 30703
Tel: 706-602-0602
Fax: 706-602-0212

_Cooper Knowles_ By JMH w/express permission
Adam Princenthal
Georgia Bar No. 588219
C. Cooper Knowles
Georgia Bar No. 426699

ANDREWS, KNOWLES & PRINCENTHAL, LLC
260 Peachtree Street, N.W., Suite 502
Atlanta, Georgia 30303
Tel: 404-524-4000
Fax: 404-524-4005

cc: Mr. Shane Carney
    Mrs. Charity Carney